# JOHN N. CARROLL *vs.* CELESTE M. W. HUTTON.

*Exceptions to Ratification of Mortgage Sale.*

Exceptions to the ratification of a public sale under a mortgage, of a
large tract of land, where the property was purchased by the mort-
gagee, alleged inadequacy of price, improper division of land, and
insufficient notice of the sale. Two previous sales of the property
had been made and set aside, at each of which the mortgagee was
the only bidder. *Held,* that the evidence failed to sustain the alle-
gations of the exceptions, and that the sale, having been made in
conformity with the directions of the Court, as to plats of the land,
mode of offering the different tracts and advertisements, must be
ratified.

Appeal from an order of the Circuit Court for Baltimore
County (FOWLER, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE,
BOYD, SCHMUCKER and JONES, JJ.

*J. J. Alexander* (with whom was *J. I. Yellott* on the brief),
for the appellant.

*D. G. McIntosh* and *Frank Gosnell* (with whom were *T.
M. Lanahan* and *Ferdinand C. Latrobe* on the brief), for
the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for
Baltimore County, dated the 4th of November, 1899, rati-
fying and confirming the sale of a tract of land, known as
the " Caves," a part of " Lion's Den," and " Gist's Search,"
and located near Green Spring and Worthington Valleys,
in Baltimore County, containing in or about 1,815 acres.
The sale is reported by Gen. Ferdinand C. Latrobe, attor-
ney named in a mortgage, from John N. Carroll and wife to
Celeste M. W. Hutton, and the report states that the sale

was made at public auction to Mrs. Hutton, the mortgagee, for the sum of $32.000.

On a former appeal, reported in 88 Md. 677, an order of the Circuit Court for Baltimore County, dated the 22nd day of June, 1898, ratifying a sale of this property to Mrs. Hutton for the sum of $29,000 was reversed by this Court and a resale ordered upon the ground "that the attorney had not exercised proper diligence in offering the property for sale, in the selection of methods of advertisement, and of making the sale." It also appears that a sale of the same property had been previously made on the 6th of July, 1897, to Mrs. Hutton at public sale for the sum of $20,000, and on exceptions the sale was set aside by the lower Court and a resale directed, because of inadequacy of price and because the whole tract was sold in its entirety and not offered by farms as it had been used and occupied.

The ratification of the sale in the case at bar is objected to for a number of reasons, but those mainly relied upon by the appellant are inadequacy of price, insufficiency of the notice, and mode of sale, an improper division of the land into farm tracts, and the injudicious management of the sale by the attorney for the mortgagee. We have carefully examined the testimony in the record and we all agree that it does not sustain the objections made by the appellants and contained in their exceptions to the sale. There is no legal principle better settled than that inadequacy of price standing by itself will not invalidate a sale, unless so gross as to indicate bad faith or a want of reasonable judgment and discretion in the mortgagee.

A judicial sale, *bona fide* made, will not be set aside because of difference of opinion among witnesses as to the value of the property, unless the price reported is so grossly inadequate as to indicate misconduct on the part of the trustee and purchaser.

It does not appear from the evidence in this case that the alleged inadequacy of price was the result of any mismanagement or want of skill on the part of the attorney or other

person connected with the sale. The property was not only advertised according to the terms prescribed by the mortgage, but was first offered at public sale in twelve (12) separate farms into which it had been divided by the attorney, with the assistance of Mr. Twamley, a competent and experienced surveyor of Baltimore City.

The mortgagee was the only bidder at the sale and was compelled to purchase the property in its entirety, although she offered to release all rights to the mortgaged property if the debt, interest and costs due thereon was satisfied. It also appears that every opportunity was afforded the appellant to relieve the property from the mortgage lien.

The property at the first sale was offered and sold in its entirety and was sold to the mortgagee, she being the highest bidder. The second sale was advertised to take place at the Court house door, Towson, and was first offered for sale in five separate farm tracts, as follows : farm A, 420 acres ; farm B, 592 acres ; farm C, 440 acres ; farm D, 104 acres ; and farm E, 260 acres. There were no bids for the separate farms and the property was then offered in its entirety and Mrs. Hutton, the mortgagee, being again the highest bidder, was returned as the purchaser. At the third sale, and the one we are now dealing with, the property was offered for sale in twelve separate farm tracts containing from one hundred to two hundred acres to a farm, and the prices bid not being sufficient to cover the amount of the mortgage, the property was then sold as a whole and Mrs. Hutton, was again the highest bidder at the sale.

It thus appears that this property has been, on three different occasions, offered at public sale, and at each sale the mortgagee has been the highest bidder, notwithstanding she has been willing and made repeated offers to release the mortgage upon being paid her debt, interest and costs. In the case of *Learned* v. *Geer*, 139 Mass. 32, it is distinctly held that the Court will require entire good faith in a mortgagee acting under a power, but if he acts in such good faith, and fully conforms to the terms of his power, a Court

will not set aside a sale because it is a hardship upon the mortgagor. The hardship, if any, results from the contract of the mortgagor, and a Court cannot relieve him from it without violating the rights of the mortgagee.

Nor does the record show, that the attorney failed to comply with the requirements of law as to the advertisement of the property. The notice of the time and place of the sale was ample. It was not only advertised in a newspaper, having a large circulation in Baltimore County, for the length of time provided by the mortgage, but a large number of plats of the property was made and one was placed on the Court House door, where the sale was to take place, and others distributed among real estate agents, capitalists and others in Baltimore City.

Nor do we think that the proof sustains the contention of the appellants that the mode of sale and the division of the property, made by the attorney, prevented bidders at the sale. There is no pretense that there was any surprise on the part of the appellants. On the contrary, a letter was addressed on the 30th of March, 1899, to the attorneys of the appellants, and to Mr. Carroll, one of the appellants, that a plat of the property could be seen at the office of the attorney in the mortgage, in Baltimore City, and "if the sub-division as suggested and shown upon the plat was not satisfactory to them, and they could show that a different sub-division should be made, the attorney would be glad to make other sub-division."

The proof in this case we think fails to show any sufficient grounds for vacating the sale. Gen. Latrobe, the attorney named in the mortgage, appears to have acted with entire good faith in making the sale and to have exercised proper diligence in giving notice of the time and place of sale, in accordance with the terms of the mortgage and the previous orders of the Court " so as to secure an advantageous sale of the property for the benefit of all persons in interest." It has been repeatedly held that a sale will not be set aside and a resale ordered as a mere experi-

ment.  " This is forbidden both by reason and the well established doctrine of the law upon the subject."   We agree with the learned Judge below that there is an absence of any proof of bad faith, or want of skill or judgment on the part of the attorney who made the sale, and for the reasons we have given the order appealed from will be affirmed, with costs to the appellee.

*Order affirmed with costs.*

(Decided June 14th, 1900.)