## AUERBACH *v.* WOLF.

TRUSTEES SALE; HIGHEST BIDDER, RIGHTS OF.

1. Where at a sale at public auction by court trustees, the trust property was sold to the highest bidder for $1,350 and a deposit made as required by the terms of sale, and the trustees reported the sale as having been fairly made, but before the sale was finally ratified they reported an offer of $2,250 by responsible parties, and the receipt of a deposit from them, an order of the lower court appealed from by the first bidder was *affirmed*, which directed a resale by the trustees, upon the ground that the matter was within the discretion of the court below.
2. The old English practice of opening biddings in chancery sales upon the mere offering of an advance upon the purchaser's bid has never obtained in the courts of this District or Maryland.

No. 1345. Submitted October 20, 1903. Decided November 4, 1903.

HEARING on an appeal by the purchaser at a court trustees' sale from an order of the Supreme Court, District of Columbia, directing a resale of the property. *Affirmed.*

The COURT in the opinion stated the case as follows:

The sole question in this case is whether the court below committed reviewable error in refusing to ratify the sale of the property, reported to the court by the trustees, as having been struck off to the appellant as the highest bidder at an auction sale, made under decree of court?

The sale of certain real estate was made by trustees, Alexander Wolf and Joseph B. Bailey, at public auction, under a decree of a court of equity. The sale was duly reported to the court by the trustees as having been made to the appellant, Carl Auerbach, at and for the price of $1,350, he being the highest bidder at the auction for the property. The appellant complied with the terms of sale, by making the required deposit; and the trustees in their report of sale stated, and made affidavit to the

fact, that the sale was in all respects fairly made. There was an order of ratification nisi passed and published; but before final ratification was had, the trustees made a second report to the court, stating that since the sale made to the appellant and reported to the court, they had been offered by other responsible parties a very much larger price for the property, to wit, the sum of $2,250, and for the good faith of which a deposit had been made; and they prayed that the bid made and reported as that of the appellant should be rejected by the court, and the property be ordered to re-sale.

Upon this latter report, a rule was made upon the appellant to show cause against the report of the trustees, and he answered the rule, and insisted upon and prayed that the sale as reported to him, should be confirmed. The court, however, upon consideration of all the circumstances of the case, rejected the offer of the appellant, and ordered the deposit made by him to be returned to him by the trustees, and that the property should be re-advertised for sale, upon the terms and conditions prescribed by the decree of sale of the property as originally passed.

*Mr. Wilton J. Lambert* and *Mr. D. W. Baker,* for the appellant:

1. The proposition is the plain question of whether or not a bona fide sale at public auction can be or should be vacated merely because some person comes in afterwards and offers an advanced price for such property. The difference between the selling price and the highest bona fide offer is just $900.25, and the appellees successfully contended in the court below that this was sufficient to vacate the sale. This contention is against the rulings of this court and the Supreme Court of the United States and the courts of the State of Maryland. *Hunt* v. *Whitehead,* 19 App. D. C. 116; *Graffan* v. *Burgess,* 117 U. S. 180; *Snyder* v. *Young,* 161 U. S., p. 334; *Byers* v. *Surget,* 19 How. 303.

2. The doctrine that mere inadequacy of price in a chancery sale, where the sale has been made comformably to the powers and directions specified in the decree, is not of itself sufficient

ground for vacating the sale, has been so frequently announced by the judicial tribunals that a special reference to authorities to sustain it is deemed almost unnecessary. A sale thus made will not be set aside, or its ratification refused for inadequacy of price, unless the court believe that such inadequacy was the result of fraud, surprise, mistake, or unfairness in the sale. *Cohen* v. *Wagner,* 6 Gill, 179; *Johnson* v. *Dorsey,* 7 Gill, 204; *Warfield* v. *Ross,* 38 Md. 85; *Dircks* v. *Logsdon,* 59 Md. 173; *Condon* v. *Maynard,* 71 Md. 601; *Smith* v. *Black,* 115 U. S. 308; *Fowler* v. *Taylor,* 19 D. C. 456.

An examination of the authorities shows that sales are not disturbed, unless the bid therefor is so grossly inadequate as to create a presumption of misconduct or fraud on the part of the receivers, or persons conducting the sale. In other words, it might be said that a judicial sale is never vacated except for fraud, but that in some few cases fraud in the parties making the sale has been presumed from the grossly inadequate price for which the property was sold.

As stated in this case, no one accuses the receivers or any person with any fraud or misconduct, and that if this court should affirm this decree, they would have to say that this record shows that the receivers were guilty of constructive fraud when they accepted the bid of the appellant.

*Mr. John Ridout* and *Mr. M. D. Rosenberg,* for the appellees:

1. It has been established for a long time that in chancery sales the court is the vendor, and that the bidder takes the chance of acceptance and final ratification, and that until the final ratification there is no sale and no interest in the proposed purchaser. Rorer on Judicial Sales, secs. 10, 124, 126; *Williamson* v. *Berry,* 8 Howard, 495; *Griffith* v. *Fowler,* 18 Vt. 394; *Brewer* v. *Herbert,* 30 Md. 300; All the cases hold that the plain duty of the court is to see that the best results are reached in respect of the parties to the cause, and that wherever it appears that their rights will be injured the court is justified in re-

fusing to ratify the sale, as has been said in some of the cases. It is far better that an intending purchaser should lose a chance to make a good bargain than that the parties who owned the property should be forced to submit to a sale much less than the real value.

2. This case affords an opportunity to settle a very important question, namely, whether the action of the court below in a case like this is not so far a matter of judicial discretion that no order made in the exercise of that discretion is appealable, unless the action of the court below amounts clearly to an abuse of discretion, which is, manifestly, not this case.     See *Griffith* v. *Fowler, supra; Rowland* v. *Munck,* 15 App. 403; *Dula* v. *Seagle,* 98 N. C. 460; *Hughes & Co.* v. *Hamilton et al.,* 19 W. Va. 399.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

It is very true that judicial sales are entitled to every fair intendment, and to all the safeguards that can be reasonably indulged for their support to encourage the public to become bidders, and to have faith in the offers made to them by the courts and their officers.     But, in this case, there are no facts that would justify this court on review, in reversing the order of the court below from which this appeal has been taken. Whether the reported offer by the appellant should be accepted or not, rested largely in the discretion of the court below directing the sale of the property, and who was, in legal contemplation, the vendor of the property.     The discretion of the court below over the subject of the sale, should not be controlled by an appellate power, unless it be made apparent that the discretion has been abused to the actual prejudice of the party complaining.     The general rule is, doubtless, that the sale will not be set aside or its ratification refused *for mere inadequacy* of price, unless the court believe that such inadequacy was the result of fraud, surprise, mistake, or unfairness in the sale.     *Cunningham* v. *Schley,* 6 Gill. 208; *Cohen* v. *Wagner,* 6 Gill. 251.     In this case, there is no suggestion of fraud, mistake, or unfairness

in making the sale. But the settled principle is that in chancery sales, the contract of sale, made between the court as the vendor of the property, through the agency of a trustee, and the purchaser, is never regarded as consummated until it has received the sanction and ratification of the court. *Wagner* v. *Cohen,* 6 Gill. 97, 46 Am. Dec. 660. And in determining the question whether the sale shall be ratified or rejected as reported, any circumstances showing that the sale as proposed would be injurious to the parties concerned, or that a better sale might reasonably and probably have been made, will be regarded as sufficient to induce the court to refuse ratification. The trustees in their second report would seem to have acted upon the assumption that it would be unfair and unjust to the parties concerned that the bid of the appellant should be accepted and ratified, when so much larger price could be obtained from other parties for the property; and this presented a question for the exercise of discretion by the court below; and we think the exercise of that discretion, resulting in the rejection of the sale to the appellant, should not be controlled or disturbed by this court. We must not be understood, however, in so holding, that we intend to give any sanction to the old English practice of opening biddings in chancery sales, upon the mere offering of an advance upon the purchaser's bid. That practice has never obtained in this District, nor in the courts of Maryland. *Cohen* v. *Wagner,* 6 Gill. 251.

The order appealed from will be affirmed; and it is so ordered.

*Order affirmed.*

*Mr. Lambert* and *Mr. Baker,* on behalf of the appellant, filed a motion for a rehearing, and a brief in support of it in which they cited the following additional authorities: *Farmers' Bank* v. *Clark,* adm., 28 Md. 155; *Garritee et al.* v. *Poplein,* 73 Md. 325; *Bank* v. *Lanahan, Trustee, et al.,* 45 Md. 410; *Carroll* v. *Hutton,* 91 Md. 380; *Berry* v. *Skinner,* 30 Md. 574; Rorer on Judicial Sales, sec. ed., § 110; *Hubbard* v. *Jarrell,* 23 Md. 66; *Barling* v. *Peters,* 134 Ill. 606; *Bolgiano* v. *Cook,* 19 Md. 391; *Chilton* v. *Brooks et al.* 69 Md. 587; *Thompson* v. *Ritchiem,* 80 Md. 252.

The motion for a rehearing was overruled January 5, 1904.