(Decided 16th January, 1891.)

---

HANNAH E. GARRITEE, WILLIAM L. GARRITEE, and JOHN W. BENNETT, Trustee *vs.* SUSANNAH POPP-LEIN.

*Appeal—Motion to Dismiss—Right of Purchaser under a Decree for a Sale—Appeal bond—Judicial sales—Inadequacy of Price—Setting sale Aside.*

An appeal will not be dismissed for delay in sending up the transcript of the record, where such delay is occasioned by the negligence and omission of the clerk.

Where no appeal bond is given to stay the execution of a decree, the right of a purchaser at a sale, made under the decree, will not be disturbed or affected by a reversal unless it can be shown that there was unfairness or collusion in making the sale.

A judical sale, *bona fide* made, will not be set aside because of some diversity of opinion among witnesses as to the value of the property sold, unless it is shown that the price reported is so grossly inadequate, as to do injury to parties not in default.

Mere inadequacy of price, standing by itself, is not sufficient to vacate a sale, unless it be so gross and inordinate as to indicate fraud and misconduct on the part of the trustee and purchaser.

The mere conjecture or surmise that the property would have brought a better price if it had been offered for sale at a different period of the year, will be no ground for setting the sale aside, in the absence of evidence that some person with capital or means was prevented from attending the sale.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, MCSHERRY, and BRISCOE, J.

*Wm. S. Keech,* for the appellants.

*Peter E. Tome,* and *William H. Dawson,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from an order passed by the Circuit Court for Baltimore County, in Equity, on the 20th of December, 1889, finally ratifying a sale of real estate made by P. E. Tome and John I. Yellott, trustees under and by virtue of a decree of said Court. The decree was passed on the 21st of June, 1889, upon a written submission for decree, signed by the plaintiff and defendants, and on the 20th of August of the same year, one day before the advertised day for the sale of the property, an appeal from the final decree was prayed. There was no appeal bond, however, filed to stay the execution of the decree, so the trustees sold the property, and duly reported its sale on the 21st of August, 1889. The ap-

pellants on the 14th of September, 1889, filed certain exceptions to the ratification of the sale, (which we will consider hereafter,) and, after proof taken, they were heard on the 20th of December, and overruled by the Court. The sale was then finally ratified and confirmed. The auditor's account distributing the fund was regularly made, and, after due notice was finally ratified on the 20th of January, 1890. The fund was distributed by the trustees, and the releases of the parties entitled to the fund obtained and filed.

It was not until the 14th of February, 1890, that this appeal, which we are to consider, was ordered. The transcript of the record was not made up until the 5th of June, and was not transmitted to this Court until the 3rd of October, 1890. The Clerk of the County Court, however, files affidavits in this Court, stating that these last delays are not chargeable to the appellants, the cost of the record having been paid, but were occasioned by his neglect and omissions; otherwise we should have to dismiss this appeal under the rules of this Court. The motion to dismiss will be overruled. It is, however, clear from the decisions of this Court, that as there was no appeal bond filed by the appellants to stay the execution of the decree, the right acquired by the purchaser under the sale would not at all be disturbed or affected by a reversal, unless it can be shown that there was unfairness or collusion in making the sale by the trustees. *Wampler vs. Wolfinger and Strite*, 13 *Md.*, 337; *Lenderking vs. Rosenthal*, 63 *Md.*, 28. And of this there is no proof in the record, or any reasonable contention on behalf of the appellants. There were a large number of exceptions, (thirteen) filed to the ratification of the sale, but only two urged at the hearing. The first states that the amount reported as the sum for which said property was sold, is grossly inadequate, and far below its value. The second, that the time of the

year at which said property was sold, was an inappropriate and improper one for a sale of property of its kind. We think, from the evidence, that the Court committed no error in overruling these exceptions.

There is no legal principle better established than the one that a judicial sale, *bona fide* made, will not be set aside because of some diversity of opinion among witnesses as to the value of the property sold, unless it is shown that the price reported is so grossly inadequate, as to do injury to parties not in default.

The proof in the case shows that every opportunity was afforded the appellants to relieve the property from the liens under which it was directed to be sold, and to secure a resale, if desirable. In addition to the orders of the 21st of June, and of the 11th of July, 1889, extending the time for the payment of the mortgage debts, there was an order of the Court, which gave the exceptants (these appellants) the benefit of a resale upon the payment into the registry of the Court, of the sum of five hundred dollars. Having thus failed to avail themselves of these rights, can they now be heard to say that they acted with diligence upon their rights, or that they were not in default?

The record further shows, that the trustees fully complied with the requirements of law governing such sales. The notice of the time and place of the sale was ample. It was fairly attended, the attorney for the appellants, one of the parties in interest, being present, and it was conducted by an experienced auctioneer.

There is no proof, showing any mistake or unfairness in the sale for which the purchaser can be held responsible, nor is any misconduct or fraud shown on the part of the trustees, nor of any person connected with the sale. It is well settled, even should we concede the contention of the appellants, that mere inadequacy of price, standing by itself, is not sufficient to vacate a sale,

unless it be so gross and inordinate as to indicate fraud and misconduct on the part of the trustee and purchaser. *Cohen vs. Wagner,* 6 *Gill,* 236; *Johnson vs. Dorsey,* 7 *Gill,* 269; *Bank of Commerce vs. Lanahan, Trustee, et al.,* 45 *Md.,* 412. The second exception is also untenable; there is no evidence to sustain it, and it is based simply upon a conjecture or surmise that if the property had been offered for sale at another time than the month of August, it would have brought a better price. It was not shown that any person with capital or means was prevented from attending the sale.

As was held in the case of *Bank of Commerce vs. Lanahan, Trustee, et al.,* 45 *Md.,* 412, "a sale should not be set aside and a resale ordered as a mere experiment. That is forbidden both by reason and the well established doctrine of the law upon the subject."

We find no reason for vacating this sale, so the order appealed from will be affirmed, with costs to appellee.

*Order affirmed.*

(Decided 16th January, 1891.)