Beginning with the Concluding Cases of the October Term, 1914.

## ALBERT C. CROWNFIELD

*vs.*

## HOWARD M. PHILLIPS AND AMY G. PHILLIPS.

*Partners: competing business; injunction to restrain. Injunctions: appeal; effect; discretion of court; Code, Article 5, section 29.*

From the action of a court, under section 29, Article 5 of the Code, in refusing to direct that an appeal from its order granting an injunction shall not stay the operation of the decree, no appeal will lie. p. 3

Unless with the consent of the other partners, one partner can not carry on a business of the same nature and in competition with that of the firm. p. 3

A violation of this rule may be enjoined. p. 5

*Decided January 12th, 1915.*

Appeal from Circuit Court No. 2 of Baltimore City. (AMBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Geo. Moore Brady,* for the appellant.

No appearance for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

This appeal grows out of the refusal of the Court below to issue an injunction forthwith, upon a petition filed by Albert C. Crownfield, in the cause of *Howard M. Phillips and Amy G. Phillips* v. *Albert C. Crownfield,* 124 Md. 443.

The petition sets out the facts which were alleged in the bill and answer in the original proceedings, which need not be repeated here, since they are quite fully set forth in the opinion filed in that appeal; and in addition alleges that the complainants, after the dissolution of the injunction by the lower Court, took an appeal from the decree and filed an appeal bond, thereby staying the operation of the decree; and thus, have been enabled to keep in possession of the property in controversy for a great length of time, through their delay in prosecuting this appeal. It was further alleged that the complainants, after the decree adverse to them, and after this appeal from the same, leased a store-room on the same floor of the building in which the partnership business of the parties was carried on, and are therein conducting a business similar to, and in competition with, the partnership business.

The petition states the objects of the petition to be (first) to have the Court exercise the discretion granted to it by section 29 of Article 5 of the Code, and pass an order directing that the appeal shall not stay the operation of the

decree; (secondly), that the complainants may be enjoined from carrying on the business they have opened, in competition with the partnership business.

The Court refused on the petition and affidavit to issue an order annulling the usual effect of an appeal, and also refused to grant a peremptory injunction, but passed an order directing the complainants to show cause. From said last mentioned order, this appeal was taken.

This Court has no power to review the refusal of the lower Court to annul the effect of the appeal, for it is a matter that is expressly left, by the statutes, to the discretion of the Court where the proceedings are pending. *Washington County* v. *School Commissioners,* 77 Md. 292. The only question presented to us for determination is whether the lower Court was correct in not ordering an injunction to issue immediately, but allowing the complainants time to show cause before acting upon the allegations.

The rule of law is universal, that a partner, without the consent of his co-partners, cannot carry on a business of the same nature and competing with that of the firm. If this rule is violated, equity may enjoin him from doing so; and some jurisdictions have held that he may be compelled to account and pay over to the firm all profits thus made. *Christian Grocery Co.* v. *Hill,* 122 Ala. 490; *Grafton* v. *Paine,* 7 App. Cases, 255; *Tichnor* v. *Newman,* 186 Ill. 264; *Metcalfe* v. *Bradshaw,* 145 Ill. 124; *Lockwood* v. *Beckwith,* 6 Mich. 168; *American Bank Note Co.* v. *Edson.* 56 Baro. 84; *Marshall* v. *Johnson,* 33 Ga. 500; *Van Deusen* v. *Crispell,* 114 N. Y. App. Div. 361; *Manuf. Nat. Bank* v. *Cox,* 59 N. Y. 659. This rule is not only well established. but founded in reason.

If, then, the allegations were sufficiently definite, specific and verified by affidavit, we think such a case would be presented for immediate relief. To ascertain, let us examine in detail just what the allegations set forth, and, for this

purpose, we cannot do better than set out verbatim all refer-
ences thereto. The first mention is as follows:

> "The second object is to enjoin the complainants
> from carrying on a business which they have recently
> entered upon on North Charles street, adjoining and
> immediately to the north of the premises occupied by
> the aforementioned store, called 'The Lyric.' * * *
> That the appellants (Phillips) are conducting the
> Lyric apparently for the benefit of themselves and the
> defendant (petitioner), and, in *an adjoining* store on
> Charles street, they are conducting a *similar store
> on their own behalf,* thereby wilfully competing be-
> tween themselves, on the one hand, and themselves
> and the defendant, on the other, the details of which
> are hereinafter set forth."

The details are then set out as follows:

> "That in spite of their actual possession of 'The
> Lyric,' situate at the northeast corner of Charles and
> Preston streets, the complainants leased, during the
> summer, the rear of the first floor of the same build-
> ing in which 'The Lyric' store is situate, and they
> have opened up there a tea room and delicatessen store.
> They have a lease from the same party from whom
> the complainants and the defendant have a lease.
> Their lease runs for five years, at forty dollars a
> month, and the lessees are the complainants, together
> with Ella W. Mitchell, the mother of the said Amy
> G. Phillips, and the bondswoman in the injunction
> bond and in the appeal bond. The two stores are in
> direct competition, and yet they are connected to-
> gether in the same building by direct passageway.
> They both sell cigars, ice-cream, ginger ale, crackers,
> cake, etc. The complainants remove articles from one
> store to the other, so that it is practically impossible
> to keep an accounting. It is hard, from the street, to
> tell where one store begins and the other ends. The
> show windows of the stores are largely dressed alike,

and the complainants go first from one store to the other, acting as salesmen in both. The stores are in competition, one, the tea room and delicatessen store, being owned by Howard M. Phillips and the members of his family, and the other being run by said Howard M. Phillips and Amy G. Phillips, although, as decreed by Court, the property of the defendant."

It needs no further comment to show that according to the allegations of the petition, the complainants are violating flagrantly the above rule, and therefore the petitioner was entitled to immediate relief by way of a preliminary injunction. And we will, therefore, reverse the ruling of the lower Court and remand the cause so that an injunction can be issued by the lower Court.

*Order reversed and cause remanded, with costs to the appellant.*