# CHARLES RAITH

*vs.*

# NEW BALTIMORE BUILDING AND LOAN ASSOCIATION.

*Judicial Sale—Effect of Appeal—Liabilities of Purchaser.*

The rights of a purchaser at a judicial sale, who complies with the terms thereof, are not affected by an appeal from, or reversal of, the order of ratification, if no bond was given to stay the proceedings. p. 545

If, by reason of the failure to give an appeal bond, an appeal from a decree ratifying a judicial sale did not operate to prevent the purchaser from immediately taking possession of the property, he was, after the affirmance of the decree, liable for expenses on the property and interest on the balance of the purchase money from the day of sale to the day of settlement, no equitable considerations existing to relieve him from such liability. p. 546

*Decided March 2nd, 1922.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

Petition by Charles Raith, as purchaser at foreclosure sale, against John Holt Richardson, trustee, seeking to be relieved from the payment of expenses on the property purchased, and interest on the balance of the purchase money, from the day of sale to the day of settlement. From an order dismissing the petition, petitioner appeals. *Affirmed.*

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*J. Calvin Carney,* for the appellant.

*Brodie & Sachs,* submitting on brief, for the appellee.

Boyd, C. J., delivered the opinion of the Court.

Three mortgages were given by Clarence C. Tracey and wife to the New Baltimore Loan and Savings Association, on lots which formerly belonged to the Manhattan Land Corporation, and were conveyed by it to Tracey. An arrangement was made between the parties by which the sum of $6,500 was loaned by the loan and savings association to Tracey for the erection of a house on each of the three lots, and the Manhattan Land Corporation took a mortgage for the purchase money of the three lots ($3,500) embracing all of them, but subject to the mortgage of $6,500 to the loan and savings association on each of the three. Default having been made by Tracey in the mortgages to that association, foreclosure proceedings were instituted by it on each of them—they being docketed as cases "A," "B," and "C" and the claims filed by the mortgagee show that there was due on each $6,587.50.

Separate decrees were passed appointing John Holt Richardson trustee to sell the property at public auction. On August 10th, 1920, they were so sold, and Charles Raith became purchaser of the properties in cases "A" and "C" for the sum of $5,800 and $5,500 respectively—the other property having been sold to another party. The sales were reported the next day to the court, and on September 10th, 1920, exceptions to the ratification of the sales were filed by the Manhattan Land Corporation, the holder of the second mortgage.

On September 24th, 1920, Charles Raith filed a petition in which he alleged, amongst other things, that the houses were unfinished, and asked that the exceptions be promptly heard. On October 2nd, 1920, they were heard and the same day the sales were finally ratified and confirmed. On October 19th an appeal was entered to this Court by the Manhattan Land Corporation, but no appeal bond was given by it. The order ratifying and confirming the sales was affirmed by this Court on May 14, 1921. Although the peti-

tion filed in this case by Raith alleges that that appeal was actively prosecuted by the Manhattan Land Corporation, the records of this Court do not support that allegation, as they show that while that corporation entered its appeal on October 19th, 1920, the record was not received by the clerk of this Court until January 19th, 1921, being too late for the January term.

Charles Raith failed to settle for the properties he purchased, and on December 7th, 1920, the trustee filed a petition, praying that they be sold at the risk of Raith. He answered, alleging that he was ready to settle, but contended that, pending the determination of the appeal of the Manhattan Land Corporation, the trustee could not deliver a good and merchantable title. The circuit court, however, passed an order on December 27, 1920, directing the properties to be sold at the risk of Raith, unless he complied with the terms of sale on or before the 3rd of January, 1921. On January 8, 1921, Raith appealed from that order, and gave an approved appeal bond. This Court reversed that order on May 14th, 1921 (*Raith v. Richardson*, 139 Md. 696), and on May 24th Raith filed a petition in the lower court, praying that he be relieved from the payment of expenses on said property and interest on the balance of the purchase money from the day of sale to the day of settlement. That was refused by the court, and an order was filed dismissing the petition. From that order this appeal was taken.

The question whether the purchaser should be relieved from paying interest and expenses which he had undertaken to pay is a very different one from that involved in his former appeal, which was whether he could be required *then* to pay the purchase money or have a resale of the property at his risk, under conditions which might have deterred others from bidding at such sale, or at least have affected the amounts bid. The sales had been ratified, and, although the Manhattan Land Corporation had taken an appeal, it had not given a bond, and hence, if the order of ratification had been reversed, the rights of the purchaser, if he had

complied with the terms of sale, would not have been affected. Our statute provides that "no appeal from any decree or order shall stay the execution or suspend the operation of such decree or order, unless the party praying the appeal shall give bond with security to indemnify the other party or parties from all loss or injury which said party or parties may sustain by reason of such appeal and the staying of the execution or operation of such decree or order," etc. (section 29 of article 5 of the Code), and it is well settled in this State that the rights of a purchaser of property at a judicial sale are not affected, even if the order of ratification of a sale is reversed by this Court, if a bond was not given to stay the proceedings. Even then the court from which the appeal was taken may direct that the decree or order appealed from may not be stayed, if it decides that it is not a proper case for such a stay, as is provided in the latter part of section 29 of article 5 of the Code. In *Wampler* v. *Wolfinger,* 13 Md. 337, a decree, under which property was sold, was reversed, but our predecessors said: "But, notwithstanding this reversal, nothing herein contained shall be held or construed to affect, or in any way to impair, any right which any purchaser may have acquired to the property, or any part thereof, decreed to be sold in this case, under any sale which may have been made of such property under or by virtue of the said decree; but any such right shall be as good and valid as the same would have been in case the said decree had been in all things affirmed by this Court, or as it would have been if the said decree had not been appealed from."

The Court said: "As authority for reserving and protecting the right of a purchaser under a decree, even where the decree may be reversed upon appeal, see the case of *Chase* v. *McDonald and Ridgely,* 7 H. & J. 199," and referred to some other cases. Since that decision there have been a number of others, amongst which are *Lenderking* v. *Rosenthal,* 63 Md. 28-38; *Garritee* v. *Popplein,* 73 Md. 322; *Mid-*

*dendorf* v. *Refrigerating* Co., 117 Md. 17, 25, in which cases it was in substance said that, as there was no appeal bond given to stay the execution of a decree, the right acquired by the purchaser would not be disturbed or affected by a reversal, unless it could be shown that there was unfairness or collusion in making the sale by the trustees.

The appellant could, therefore, have complied with the terms of the sale, and have taken possession of the properties, thus enabling him to do whatever was necessary to put the houses he purchased in proper condition in order to rent them, and thereby probably receive an income from them. Although he did act promptly in taking his former appeal, he has not manifested any great amount of promptness in bringing this appeal before us for review. The order appealed from was dated July 5th, 1921; the appeal was entered August —, 1921 (exact date not given), and the record, which is a small one, was not filed with the Clerk of this Court until November 1st, which put the hearing off until this (January) term, instead of at the October Term, as there was ample time for doing. It has thus been over sixteen months since the sales were ratified, and Raith could have had possession of the properties and have been protected, as shown by the authorities cited above, if he had complied with the terms of sale at that time. It is therefore a wholly different case from that of *Oldenburg* v. *Register*, 118 Md. 394, cited by the appellant, and no such equitable considerations as therein existed are to be found in this case. The order appealed from will therefore be affirmed.

*Order affirmed, appellant to pay the costs*
*above and below.*