JOHN Y. SHEEHY *v.* WILLIAM R. THOMAS.
[No. 34, April Term, 1928.]

*Decided June 20th, 1928.*

The cause was submitted on briefs to BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*LeRoy L. Wallace,* for the appellant.

*V. Calvin Trice,* for the appellee.

URNER, J., delivered the opinion of the Court.

The purpose of this injunction suit is to prevent the defendant from maintaining a blind, from which to shoot water

fowl, at a point in Todd's Bay, in Dorchester County, alleged to be in unlawful proximity to the water area within which the plaintiff claims priority of such gunning privileges by virtue of certain statutory provisions and of his interests as a riparian owner. The appeal is from a decree refusing the proposed injunction and dismissing the bill of complaint.

Chapter 568 of the Acts of 1927 provides, in part, as follows:

> "All owners of riparian rights, their lessees or licensees on the waters of this state shall, by virtue of said ownership, be first entitled to make a choice of the 'set' or position in front of the property, of which they are the owners of the riparian rights, lessees or licensees, for the purpose to erect, set or maintain booby, brush or stake blind or blinds, provided, that said riparian owners, their lessees or licensees shall avail themselves of said choice of localities and clearly mark the same on said waters by erecting a stake, on which shall appear the license number of each blind and the licensee's name as hereinafter provided on or before October 10th of each and every year, and said blind or blinds licensed prior to October 10th must be erected on or before November 10th and said blind or blinds licensed after November 10th must be erected on or before twenty days thereafter, except as herein provided.

> "(a) For the protection of shoreowners, their lessees or licensees, desiring to locate a blind or blinds on their shore, the purchase of a license as herein provided and the establishment of a stake on which shall be painted the license number and the name of the licensee, such stake not to exceed the lawful distance from shore and be established in the water, when said stake shall be established on or before October 10th, then said stake shall be termed as a blind as hereinafter provided." Subsection 39.

> "It shall be unlawful for any person to erect, set or maintain a booby, brush or stake blind within the waters of Todd's Bay in Dorchester County, out and

beyond a line drawn two, hundred yards northeast of Todd's Point, thence running south-southeast to a point at the mouth of Chapel Creek known as Mitchell's Point." Subsection 41 (c).

"Whenever an owner of land bordering on any waters of this state shall desire to erect a booby, brush or stake blind in front of his property, or other person to whom he shall give permission, he shall not place same within 250 yards of the dividing line of any property owned by him and the adjoining property bordering on said waters (the distance contained herein shall not apply to the waters that are tributary of the Chesapeake Bay and the Potomac River in the Counties of Charles, Calvert and St. Mary's), meaning a line extending out over the waters drawn direct from the dividing line of said properties at the shore line, unless with the consent of the adjoining landowner, same being for the purpose of allowing each landowner bordering on any of the waters of the state permission to avail himself of the privilege of setting, erecting or maintaining a booby, brush or stake blind in front of his property." Subsection 45 (a).

The plaintiff and defendant are the owners of adjacent tracts of land bordering on Todd's Bay. The shore of the bay is indented with a number of coves or inlets, on the margin of one of which, known as "Old House Cove," the division line between the lands of the plaintiff and defendant terminates. This point on the shore line of the cove is 457 feet distant from the open bay, and is separated from it by a portion of the defendant's land which projects 210 feet between the two bodies of water. After procuring licenses, in 1927, as required by the statute quoted, the plaintiff and defendant staked in Todd's Bay locations for blinds which are within a few feet of each other and are respectively defended and opposed by the competing claimants in conformity with their conflicting theories as to their statutory rights. The two locations are about 1,000 yards from the mouth of the cove, but within the outer limit designated by the statute, and are about midway between the points of

land defining the entrance to the bay, which is an inlet of the Great Choptank River. It is possible and consistent to regard the positions selected for the blinds as being "in front" of portions of the lands of both parties to the suit, and also of other shore tracts by which the bay is partly surrounded. The rights of other riparian proprietors are not now presented for consideration. The suit is solely concerned with the relative rights of the immediate parties and depends upon the terms and applicability of the statute. Apart from its provisions, neither of the parties can successfully assert a prior right to establish a blind at the particular location for which he is contending, or prevent the maintenance by the other of the closely adjacent blind. *Hodson v. Nelson,* 122 Md. 330. The privilege conferred by the statute upon a riparian owner to make the first choice of locations for blinds in front of his property is subject to the restriction that no position so chosen shall be within 250 yards of an extension, over the water, of the dividing line between his own and adjoining riparian land, except with the consent of the other proprietor. The line prescribed for that limitation is defined by the statute as one "extending out over the waters drawn direct from the dividing line of said properties at the shore line." Unless the place selected by the defendant for his blind is within 250 yards of such a line as the statute describes, the plaintiff is not entitled to the injunction for which he has applied.

The plaintiff's theory is that under the terms of the statute, and for the purpose it has in view, the division line between his land and that of the defendant should be projected from its terminal point on the shore of the cove across the intervening land of the defendant and thence over the waters of the bay. In our opinion the statute was not intended to have such an application. It provides for a line of separation drawn direct from the dividing line of the properties at the shore line "out over the waters." A dividing line which does not reach the shore of the waters on which it is proposed to exercise the statutory privilege is not susceptible of such an extension. In order to sustain the

plaintiff's contention we should have to construe the statute as meaning that the imaginary line with reference to which a riparian owner may place a blind must be an extension in a straight course of the dividing line between the adjoining shore properties regardless of any curvatures or irregularities in the line of the shore. But as thus projected to and over the water area where the location of a blind is to be determined, the line of demarcation may pass at such an angle with the shore, or from such a point on an inlet in the rear of the main water front, as to render of no utility the privilege to which a riparian owner is declared by the statute to be entitled. The waters "out over" which the statutory line is to be "drawn direct" from the dividing line "at the shore line" are necessarily those lying immediately in front of the "bordering" shore which is intersected by the property division. The terms of the statute may be difficult or impossible of application under certain water front conditions. It is unnecessary and inadvisable in this case to attempt a general statement as to the applicability of the statute to varying shore and property locations. To the conditions here proved we hold it to be inapplicable in the manner suggested by the plaintiff, because its provisions do not authorize the projection of the division line over the land of the defendant lying between the cove where the property line ends and the waters of the bay where the statutory right is sought to be utilized. When it is impracticable to locate by extension, according to the statutory direction, a line of water division in relation to which the prescribed restriction on the choice of positions for blinds, in front of adjoining riparian lands, may be applied, a conflict in the exercise of the privileges conferred by the statute upon the owners of such properties may be avoidable only by mutual accommodation.

The present question arises in a suit between private individuals, and the rights of the State are not involved. The decision is simply that the plaintiff has shown no ground upon which he could rightfully obtain an injunction against the construction or use of the blind of the defendant to which the bill of complaint refers.

A motion to dismiss the appeal has been filed, on the theory that the claims of the parties are based on licenses limited for use in a hunting season which expired since the case was decided in the lower court, and that, therefore, only a moot question is now presented. It is true that the right of the defendant to select, and of the plaintiff to contest, the location of a blind, by virtue of licenses which are no longer in force, would not ordinarily be an appropriate subject of adjudication. But as riparian owners have a continuing right to the first choice annually for positions of blinds in the waters in front of their lands, it seems proper that, when a challenge of the right is of such a nature as to affect its recurring exercise, a decision of the question should not be refused merely because it could not be heard on appeal before the expiration of the current season for which were issued the licenses in operation when the suit was instituted.

*Decree affirmed, with costs.*