POTOMAC EDISON COMPANY ET AL. *v.* PUBLIC SERVICE COMMISSION.

[No. 47, October Term, 1933.]

459

Decided December 7th, 1933.

The cause was argued, together with the next following case, before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Francis J. Carey,* with whom were *Stoddard M. Stevens, Jr.,* and *Piper, Carey & Hall,* on the brief, for the appellants.

*William Cabell Bruce* and *John Henry Lewin,* for the appellees.

PARKE, J., delivered the opinion of the Court.

The Potomac Edison Company and its three subsidiary other public service corporations began on January 28th, 1933, a proceeding in equity in the Circuit Court of Baltimore against the Public Service Commission of Maryland to have set aside and vacated an order of the defendant bearing date of November 29th, 1932, and determining, as of June 30th, 1931, the fair value for rate-making purposes of the property of the several divisions and departments of the Potomac Edison Company and of its subsidiaries. The order provided the valuation should be effective unless protest against it should be filed with the commission within fifteen days from the date of the order. Code, art. 23, sec. 385 (30). The bill of complaint avers that the complainants had filed

their protest against this proposed valuation within the limit of time accorded, but that a hearing had been postponed to February 7th, 1933, and that, therefore, the matter was still pending and the tentative valuation had not become effective. The ground for the contention that the order of November 29th should be rescinded is that it is unreasonable and unlawful. The bill of complaint, however, is alleged to have been filed within sixty days after the entry or rendition of the order, for the purpose of safe-guarding the rights of the plaintiffs to take the appeal provided in section 43 of the Public Service Commission Law (Code, art. 23, sec. 404), although the tentative valuation of the order had not become operative at the time of the filing of the bill of complaint. The plaintiffs affirm that the bill is filed without prejudice to their right to file a further suit should the defendant fail to make a satisfactory, corrected, valuation. It is clear that the bill of complaint was precautionary, and that it was begun with the design to assure the plaintiffs a judicial review of any adverse valuation.

On January 31st the commission demurred to the bill of complaint. Before the demurrer was heard, the plaintiffs filed, on June 8th, a motion to dismiss their bill of complaint. The motion alleged that after the institution of the bill of complaint the defendants, on March 1st, 1933, had entered in the pending proceedings before the commission a complementary or effective order to the provisional order passed on November 29th, 1932, and by this second order a final valuation of the property involved had been fixed and adjudged. On the ground that the tentative or first order had lost all its force and effect, and had been superseded by the final order, the plaintiffs said their case had become a moot one, as it was no longer concerned with any existing right, and a decree would determine an abstract question. See *Baldwin v. Ches. & Pot. Tel. Co.,* 156 Md. 552, 144 A. 703; *Bowles v. M. P. Moller, Inc.,* 163 Md. 670, 164 A. 665. The chancellor denied the motion of the plaintiffs to dismiss the bill of complaint, and heard the demurrer of the defendants, which he sustained, and he passed a decree dismissing the bill of

complaint and placing the costs upon the plaintiffs. The plaintiffs took an appeal from the order passed denying them the right to dismiss the bill of complaint, and from the decree dismissing the bill of complaint.

The general rule is that a plaintiff has the right to dismiss his bill of complaint at any time, upon application to the court, provided that there has not been in the cause any proceedings which has given the defendant a right against the plaintiff, or that the dismissal would not prejudice interests which have been acquired in consequence of the institution of the suit. *Miller's Equity Proc.*, sec. 102, pp. 132, 133. The rule with reference to the right and procedure in respect to a plaintiff's dismissal of his suit in equity is so adequately stated for the court by Digges, J., in *Camden Sewer Company v. Salisbury*, 157 Md. 175, at pages 182-185, 145 A. 497, that further consideration is unnecessary.

In the pending appeal there was no intervening equity to prevent a dismissal, and so the right of the plaintiffs to have their bill dismissed on payment of costs is clear, and the chancellor was in error in denying the motion of the plaintiffs for leave to dismiss, and in subsequently hearing and sustaining the demurrer and dismissing the bill of complaint for that reason.

> *Order of court refusing motion of plaintiffs to dismiss bill of complaint, and decree on demurrer dismissing bill of complaint, reversed, with costs to appellee; and cause remanded for a decree of dismissal of the bill on payment of costs by the appellants.*