## MAMIE COOK SYFER vs. JOHN B. SPENCE ET AL., THE STATE BOARD OF UNDERTAKERS.

### *Appeal—Moot Question.*

The Board of Undertakers, created by the Act of 1904, ch. 389, threatened to revoke plaintiff's license as an undertaker, who thereupon filed a bill to enjoin such action. The license in question expired on April 30th, 1905, and in May, 1905, a decree dismissing the bill was passed. *Held*, that no appeal lies from this decree, since at the time it was made the license had ceased to exist and a decree to restrain its revocation would be nugatory.

Appeal from the Circuit Court of Baltimore City.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*W. Calvin Chesnut* (with whom were *Henry H. Hubner* and *Fillmore Cook* on the brief), for the appellant.

*Emil Budnitz* and *Peter J. Campbell*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an application for an injunction by the appellant against the appellees constituting the State Board of Undertakers of Maryland, to enjoin and restrain them from revoking or suspending a license which had been issued by the board to the appellant as principal, to engage in the business of an undertaker at No. 1600 West North Avenue, in Baltimore City.

The right to the relief is based upon the Act of 1902, ch. 160, as amended by the Act of 1904, ch. 389. By these Acts it will be seen the State Board of Undertakers was created, and their powers and duties fully defined and prescribed.

It appears, from an agreed statement of facts set out in the record, that on May 1st, 1904, a license or certificate was issued to the appellant for the period of one year by the board in pursuance of the provisions of the Act, in the name of Mamie Cook Syfer as a principal to engage in the business of undertaker in Baltimore City. That the licensee is doing business at No. 1600 W. North Avenue as Mamie Cook Syfer, and that the names Mamie Cook Syfer and M. Jos. Syfer appear upon the signs displayed at her place of business.

It further appears that the husband of the licensee, Josiah Syfer, is licensed by the board as an assistant undertaker, but is not held out as being connected with the business of his wife as proprietor and that the name of M. Jos. Syfer is intended to apply only to the licensee, Mrs. Mamie Cook Syfer, she having become widely known as M. Josephine Cook, and after her marriage as M. Josephine Syfer.

Subsequently, on the 7th of November, 1904, the board notified the appellant that unless she made her sign conform to the license as issued, it would be revoked under the seventh section of the Act.    Thereupon, the appellant instituted these proceedings:

The Court below, upon final hearing of the case on the 29th of May, 1905, sustained the defendants demurrer to the plaintiff's bill, dissolved a preliminary injunction which had been granted, and dismissed the bill of complaint.    And it is from this action of the Court an appeal has been taken.

It is quite clear, we think, that the appeal in this case must be dismissed.    By the 10th section of the Act of 1902, it is distinctly provided, that all certificates and licenses issued under the Act, shall expire on the 30th day of April next ensuing the date of their issue.    The license shall date from the first day of May, and be effective for the period of one year therefrom, and shall be renewed annually thereafter upon the payment of a fee of five dollars.

The revocation of the license which was issued and which the appellant here seeks to restrain was dated May 1st, 1904, and by the express provisions of law expired on the 30th day of April, 1905.    There was practically and in fact no license in existence at the date of the decree on the 29th of May, 1905, to revoke or suspend.    Having expired by operation of law it could not be revived by any action of the Court, and the relief asked by the bill could not have been granted.    The appellant was entitled to a renewal of the license upon complying with the requirements of the statute, and this the appellees state in their brief was actually done, and the license renewed by the board for the period of one year from May 1st, 1905.

There is therefore no substantial question in this case to be passed upon, and a decree to restrain the board would be nugatory.    The appeal will be dismissed.

*Appeal dismissed with costs.*

(Decided February 13th, 1906.)