ELLEN GERTRUDE SMITH, Executrix of Mary Ellen Sprecher, *vs.* LAURA E. WARRENFELTZ.

*Executors; sales by—; order not to sell; right of appeal. Courts; no action when nugatory.*

Courts will never order any action which if taken would be nugatory.                                         p. 120

Under an order of the Orphans' Court, an executor had advertised certain real estate for sale on a date named, and in the advertisement had improperly described the interest in the estate to be sold; on the petition of a legatee, the executor was ordered not to make the sale on that day, but to readvertise it correctly for sale at a later date; the executor appealed; pending the appeal the property was sold under a second advertisement; it was *held,* that the sale not having been made on the date of the order passed there was no practical or substantial question presented by the appeal, and it was dismissed.                                     p. 120

An executor who had been ordered by the Orphans' Court not to sell the estate of the testator has no right to resist the order, and no interest in the matter such as would justify an appeal.
                                                p. 121

*Decided June 23rd, 1911.*

Appeal from the Orphans' Court of Washington County.

The cause was argued before Boyd, C. J., Briscoe. Pearce, Burke, Pattison, Urner and Stockbridge, JJ.

*H. F. Wingert* (with whom was *Miller Wingert* on the brief), for the appellant.

*Albert J. Long,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

Mary Ellen Sprecher, of Hagerstown, Washington county, Maryland, died in December, 1910, and by her last will and testament executed in October, 1902, and admitted to probate by the Orphans' Court of Washington County January 6th, 1911, after making certain bequests not necessary to mention here, disposed of the residue of her estate as follows: She empowered and directed her executor or executors named in said will, to sell and convey all said rest and residue, and out of the proceeds thereof she bequeathed in trust to such trustee as a Court of competent jurisdiction should appoint, the sum of two thousand dollars to be safely invested and reinvested, and the interest to be paid semi-annually by said trustee to her husband, Quinby A. Sprecher, during his natural life, this provision for him, being declared by said will to be "in lieu of his legal share in said estate," and she directed that upon his death the said principal sum of two thousand dollars should be divided, one-half thereof to her niece, Laura E. Warrenfeltz, and one-half in equal shares between Harry Ellsworth Smith, Ella Gertrude Smith, Mary Louise Smith and Ira Hurless Smith, children of Calvin R. Smith, deceased. All the remainder of her estate she gave and bequeathed in the same manner and proportions between the same persons to whom she gave the principal sum of $2,000 after the death of her husband; and she appointed James P. Perry as executor of said will, and if he should die or refuse to act she appointed Harvey Ellsworth Smith and Ellen Gertrude Smith to be executors of said will, with full power to execute all its provisions.

The record contains a copy of this will as the same was admitted to probate, but it does not appear from the record whether the said James P. Perry, first named as executor of said will, had died or declined to act, nor whether Harvey Ellsworth Smith, named as executor with Ellen Gertrude Smith, in event of the death or refusal to act of James P. Perry, is also deceased or had refused to act; but there is attached to the copy of the will a certificate of the register

of wills that on January 3rd, 1911 "Ellen Gertrude Smith, surviving executrix óf Mary E. Sprecher," made oath that said paper was the whole and true will of said deceased that had come to her hands and that she knew of none other.

· Nor is there in the record any evidence of the grant of letters testamentary to the said Ellen Gertrude Smith, but the three judges of the Orphans' Court certified under their hands that the will was admitted to probate January 6th, 19.11.

On February 11th, 1911, Laura E. Warrenfeltz filed a petition in said Court alleging that she was a legatee under said will, and filling with said petition a copy of an advertisement of sale of the real estate of the decedent signed by Ellen Gertrude Smith as executrix of Mary E. Sprecher, giving notice that under an order of the Orphans' Court of Washington County, she would on the 14th day of February, 1911, between one and three o'clock P. M. in front of the Court House in Hagerstown, offer at public sale a tract of land. containing 17 acres and 6 perches of land within. the corporate limits of Hagerstown; the location and improvements of the same and the terms of sale being sufficiently described therein.

The advertisement contained the following clause:

· "This property will be offered subject to the right of the husband of said. deceased to renounce his legacy under her will and to come in at any time within six months from the granting of letters of administration of the estate of the deceased and elect to take in lieu thereof his (the husband's) estate for life in the property hereby offered for sale."

The petition of the appellee alleged that the above mentiond clause was calculated to hinder and prevent a proper and advantageous sale of said property, and would certainly prevent the same from bringing its true value and would thus work to the injury of the appellee and others interested in said estate, and further alleged that the surviving husband of the decedent had no life estate, nor other estate or interest in said property than that provided for him by said will,

and that he had no right to come in within six months or any other time from the grant of letters of administration upon said estate, and elect to take in lieu of the estate or interest provided in the will, an estate for life as stated in said advertisement or any other estate or interest in the property so advertised. The petition prayed that an order be passed "directing and ordering the said executrix not to sell said real estate at the time and as so advertised, but to readvertise the same for sale at some future time, and in accordance with the proper description of the estate to be sold."

On the same day, February 11th, 1911, the Court passed an order that said executrix "be and she is hereby ordered and required not to sell the real estate left by the said Mary E. Sprecher, deceased, and which said real estate said execu‑trix has advertised for sale on February 14th, 1911, on said day and in pursuance of said advertisement; and the said executrix is hereby ordered, directed and required to read‑vertise said property for sale at some future time, in a proper form and manner and free from the interests of all parties interested in said estate; and it is further ordered that a copy of this order be served upon the said Ellen Gertrude Smith, executrix, on or before February 13th, 1911.

From this order the executrix appealed February 21st, 1911, and the appellee has filed a motion to dismiss the appeal: (1) Because the property was not offered for sale on February 14th, 1911, but was readvertised for sale as directed by its order of February 11th—on February 25th, 1911, before the appeal was taken, and that for that reason any order that this Court might pass would be nugatory; (2) because if there is any substantial question that could be raised on this appeal the only person affected thereby is the surviving husband of the decedent who has not appealed; (3) because the transcript does not present to this Court, certain facts which were before the Court below when it passed the order appealed from.

The record does not show that anything was before the Court when that order was passed except the will of the testa-

trix, the petition of the appellee and a copy of the advertisement, but the motion to dismiss the appeal states that the Court had before it when the order was passed, the Land Records and Marriage Records in the office of the clerk of the Circuit Court for Washington County, and the records in the office of the Register of Wills of said county, which records showed the following facts:

(1) That the real estate advertised to be sold, and of which Mary E. Sprecher died seized was acquired by her in fee simple, before her marriage, by deed dated April 28th, 1874.

(2) That she was married to her husband, Quinby A. Sprecher, April 23rd, 1878.

(3) That she died without issue leaving a will disposing of this real estate.

There are two imperative reasons for the dismissal of this appeal.

*First.* The property not having been offered for sale on February 14th under the advertisement mentioned, and that day being long past, there is no practical or substantial question presented by the appeal, and if the order forbidding such sale were now reversed on the ground that the Court had no jurisdiction to pass it, or on any other ground, such decree of reversal would be idle and nugatory. Courts will never order any action which, if taken, would be nugatory; this principle finds its most frequent illustration where the writ of injunction or mandamus is sought when too late to restrain in the one case or to perform in the other, but it is applicable in any form of proceeding, where the action prayed must be unavailing. *Wells* v. *Hyattsville,* 77 Md. 142; *Syfer* v. *Spence,* 103 Md. 68. In the latter case the appellant sought an injunction to restrain the board of undertakers from revoking his license, which expired April 30th, 1905, and in May, 1905, the bill was dismissed. On appeal, this Court said, "having expired by operation of law, it could not be revived by any action of the Court. * * * The appellant was entitled to a renewal of the license upon complying with the require-

ments of the statute, and this the appellee says in its brief was actually done and the license renewed. There is therefore no substantial question in this case to be passed upon and a decree to restrain the board would be nugatory. The appeal will be dismissed." So in this case, the appellant is entitled to readvertise and sell, as directed in the will, and the order appealed from recognizes this right and provides for its exercise, and the motion to dismiss states she has readvertised. It can not be doubted if this property had been actually sold under the advertisement mentioned, and upon reporting said sale it had been made to appear upon exceptions thereto, that the question raised by the advertisement as to the husband's interest in the property had prevented a sale for a fair price, that the Court would have sustained such exceptions and would have ordered a resale under a proper advertisement. If this be so, we should be slow to hold that the Court had not jurisdiction to pass the order in this case, when informed as they were by the petition of the appellee—and the accompanying copy of the advertisement, of the obvious injuries effect of attempting to sell in that manner.

*Second.* But apart from the ground just stated, in order to justify a reversal of this order, the appellant must appear to have a standing in Court and to have been injured by the order appealed from.

She has appealed only in her capacity as executrix, in that capacity, as was said in *Johns* v. *Caldwell,* 60 Md. 262, "she had no interest in resisting the order, and no right to refuse to obey it. She is not a party aggrieved by its passage, and from *such an order she* has no right to appeal." And to the same effect is *Grabill* v. *Plummer,* 95 Md. 60.

It is true that the appellant is also a legatee under the will and as *such,* has an interest in the proceeds of sale of said real estate, but the order appealed from could not aggrieve her because it operated beneficially for all the legatees in preventing a sale under circumstances which must necessarily have depressed the price of the property.

We were requested by the appellant to express our views as to the interest or estate of the husband in this property upon the death of his wife but as we have already stated the facts necessary to enable us to do this are not embraced in the record, and anything we might say upon that subject, would be mere advice and would be exclusive upon no one. We must therefore decline this request.    For the reasons stated the appeal must be dismissed.

*Appeal dismissed, with costs to the appellee.*