McCALL-DINNING COMPANY, Garnishee,

*vs.*

WILLIAM H. HOBLITZELL.

*Appeal—Entry Without Authority—After Satisfaction of Judgment.*

A motion by the appellee to dismiss the appeal as having been taken without appellant's authority must be denied, the appellant, the only person qualified to assert such lack of authority, having had five months in which to dismiss the appeal on this ground, and not having in any way suggested that the entry of the appeal was without its consent.          p. 603

After a judgment has been paid by the defendant and entered "settled and satisfied," an appeal therefrom cannot be prosecuted for the benefit of strangers to the record.          p. 605

*Decided January 18th, 1924.*

Appeal from the Superior Court of Baltimore City (HEUISLER, J.).

Attachment by William H. Hoblitzell against William F. Shinnick, laid in the hands of the McCall-Dinning Company as garnishee. From a judgment in favor of plaintiff, said garnishee appeals. Appeal dismissed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Howard Bryant,* for the appellant.

*Raphael Walter,* with whom was *Robert J. Gill* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The appellee has moved to dismiss the appeal in this case on two grounds, one that the judgment from which it was taken has been entered "settled and satisfied," and the other that it was taken without the authority of the appellant. The second ground has little merit.

The appeal was taken May 24th, 1923, and the motion to dismiss filed in this Court on October 23rd, 1923. The appellant therefore had five months in which it could have dismissed the appeal, if it had desired to do so, on the ground that it was entered without authority, but it took no such action. It is the only person who can assert that the appeal is without its authority, since it hardly lies within the power of the appellee to question the relations existing between the appellant and its counsel, and until the appellant suggests in some appropriate manner to the Court that the appeal was entered without its consent or authority, it will be assumed that the docket entries showing that the appeal was for it and on its behalf were correct, and that the attorney ordering the appeal acted within his authority. 6 *C. J.* 631.

The first ground assigned however has more force. It appears from a certified copy of the docket entries, that the judgment from which this appeal was taken has been entered "settled and satisfied" in the Superior Court of Baltimore City where the case was tried and that there is no longer any controversy between the parties as to the subject matter of this proceeding, but that all differences between them as to it have been settled. Under such circumstances, unless there is something peculiar or exceptional in the nature of this case which will take it out of the operation of the general rule, it will have to be dismissed. The general rule, as stated in 4 *C. J.* 579, is: "When it appears that there has been a valid settlement or adjustment by the parties of all their rights and differences respecting the subject matter of the controversy, the appeal will be dismissed, even after the cause has been argued and submitted, or even though the appellant was induced by fraud to settle the litigation, where he fails to return, or to offer to return, the consideration." That statement of the rule is obviously sound, and the principles announced were approved by this Court in *Syfer* v. *Spence,* 103 Md. 66, and there is nothing in the facts or circum-

stances of this case apparent on the face of the record before us sufficient to except it from the operation of that rule.

The facts of the case are in substance these: It is intimated that William H. Hoblitzell had a judgment against William F. Shinnick for $1,431.43. The record itself does not show anything in connection with the judgment but what can be inferred from this statement: "(Attachment on judgment debt, $1,431.43, with interest from 22nd August, 1905, and costs. Writ issued on usual form)." For the purposes of this statement however, it will be assumed that there was a judgment against Shinnick in favor of Hoblitzell. Shinnick operated under various trade names, two of which were respectively the Independent Stevedore Company and William F. Shinnick & Company, Inc. As the Independent Stevedore Company, he contracted to render certain services to the owners of the ship "Solveig Skogland" in loading that vessel, and as "William F. Shinnick & Co.," he undertook certain repairs to the boat. This work was done and the garnishee, who was the agent of the owners of the vessel, paid for it out of funds which it held for the purpose. The payments were made to "The Independent Stevedore Company" and "William F. Shinnick & Co., Incorporated," respectively. Before the money was paid, however, and while it was in the hands of the garnishee for the use of The Independent Stevedore Company and William F. Shinnick Co., Inc., the attachment in this case was laid, and the garnishee, before making the payments referred to, demanded and received a bond of indemnity in each case, one of which was executed by "William F. Shinnick, Incorporated," and the other by Robert H. Cooper, with the Fidelity & Deposit Company as surety on each bond.

At the trial of the attachment case in the Superior Court, the garnishee undertook to show that, although Shinnick had obtained the two contracts referred to, yet he did not do the work which under their terms he was obliged to do, but that he "turned it over" to the Monarch Stevedoring Company which, at the order of the Export Transportation Company,

of which it is a subsidiary, did all the work, and that it alone was entitled to receive all the compensation called for by these contracts. The Monarch Company was therefore in the position of a claimant of the funds which had been attached in the hands of the McCall-Dinning Company as belonging to Shinnick, but it does not appear in the record that it ever appeared in the case to assert its claim, or in any other way. Its attorney however appeared and conducted the case on behalf of the garnishee, and as attorney for the garnishee ordered this appeal. The garnishee, however, had no desire to appeal, and was satisfied to pay the money to Hoblitzell, so that while the appeal was taken in its name it was really for the benefit of the Monarch Stevedoring Company, and the Export Transportation Company, who were not parties to the record. So that when the garnishee paid the judgment appealed from, and entered the case as settled and satisfied, those two companies were not satisfied, but desired the appeal pressed. The case therefore comes finally to this, can an appeal from a judgment which has been entered "settled and satisfied" by the plaintiff, and which has been paid by the defendant, be prosecuted for the benefit of strangers to the record. We know of no authority for that proposition, and in our opinion it is quite untenable. The only parties to the record before us are the McCall-Dinning Company, and William H. Hoblitzell, and obviously when the appellant, against whom the judgment was rendered, has paid the judgment, and the case has been entered "satisfied," the litigation cannot be continued in the interest of a person or persons who are not even parties to the record.

But even if we were at liberty to consider the exceptions presented by the record, a careful examination of them in connection with the evidence in the case satisfies us that no error was committed by the lower court either in its rulings on the evidence or the prayers. For the reasons given the appeal must be dismissed.

*Appeal dismissed, with costs to the appellee.*