PUBLIC SERVICE COMMISSION *vs.* CHESAPEAKE AND POTOMAC TELEPHONE COMPANY.

*Review on Appeal—Moot Question.*

An interim order of the Public Service Commission, preserving the existing telephone rates pending an investigation by the commission of proposed new rates, having been superseded by a final order of the commission, an appeal from an order enjoining the enforcement of the interim order was dismissed.

*Decided January 23rd, 1925.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Bill by the Chesapeake and Potomac Telephone Company against Ezra B. Whitman and others, constituting the Public Service Commission of Maryland. From an order as prayed, defendant appeals. Appeal dismissed.

The cause was argued, together with the next following, before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*William Milnes Maloy, People's Counsel,* and *J. Wallace Bryan,* with whom was *Thomas H. Robinson, Attorney General,* on the brief, for the appellant.

*Charles McHenry Howard* and *Shirley Carter,* with whom were *Piper, Carey & Hall,* and *Venable, Baetjer & Howard* on the brief, for the appellee.

*W. C. Devecmon,* representing Cumberland and Allegany Counties, by leave of the Court, filed a brief on behalf of the appellant.

BOND, C. J., delivered the opinion of the Court.

This appeal was taken from the granting of an injunction at the suit of the Chesapeake and Potomac Telephone Company restraining the Public Service Commission from putting into effect an order passed by it on October 21st, 1924, to preserve the existing rates for telephone service until after the conclusion of an investigation by it of new rates proposed by the company, and the passage of its final order on the results of that investigation. It was proposed that the new rates should go into effect on January 1, 1925, and the case was heard out of place, in December, in an effort to expedite the final determination. The Court had not been able, in consultation, to arrive at an agreement on the decision, when it was informed that the Commission's investigation had been concluded and its final order passed, so that the interim order with which the court was concerned had been superseded. A copy of the final order has now been furnished to the court.

In the case of *Thom* v. *Cook,* 113 Md. 85, this Court, after a review of the decisions of the United States Supreme Court on the subject, decided that it could not, after an election

Md.]

had been held, go further with an application to restrain the printing of certain names on the official ballot. And in *Syfer v. Spence,* 103 Md. 66, it was decided that when the term of a license in controversy expired during litigation upon a bill to enjoin revocation of it, no further judicial action should be taken. And these are only local applications of a general rule that the court should confine itself to the particular relief sought in the case before it, and refrain from deciding abstract, moot questions of law, which may remain after that relief has ceased to be possible. Upon consideration of this and of all the circumstances of the case, we have concluded that the proper course for the Court is to dismiss the appeal.

*Appeal dismissed, with costs.*