GEORGE D. IVERSON, JR., *v.* E. RAY JONES, Secretary of State
[No. 7, January Term, 1937.]

*Decided October 16th, 1396.*

The cause was argued, as of the October, 1936, Term, before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Henry Zoller, Jr.,* for the appellant.

*Charles T. LeViness, 3rd, Assistant Attorney General,* with whom was *Herbert R. O'Conor, Attorney General,* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appeal is from the sustaining of a demurrer, and dismissal of the appellant's petition for the writ of mandamus to require the Secretary of State to certify, under the Code, art. 33, secs. 49 to 52, names of nominees for office to be voted for at the election to be held on November 3rd, 1936. After argument was heard, the court came to the conclusion that the order must be affirmed, and so ordered on October 16th, 1936, deferring the filing of a

reasoned opinion. This order will be amended by dismissal of the appeal. The reasons are now stated.

The petition, as amended, alleged that the persons specified as nominees were nominated for the offices respectively of President, Vice President, presidential electors, and Congressmen from the several districts in Maryland, by a Union Political Party which had been duly incorporated under the laws of the state on August 24th, 1936. This new party, it was alleged, held a convention of delegates representing all the legislative districts in the state on September 30th, 1936, and in due form the convention made the nominations specified, and certified them to the Secretary of State charged with giving the nom nations effect, under and in accordance with sections 50 and 56 of article 33, but that the Secretary of State refused to receive the certificate. The petition for the writ of mandamus followed.

The Election Laws of the State, article 33, provide three methods of nomination by parties other than those which polled ten per cent. of the entire vote cast in the state at a preceding general election, for which the regular primary election is prescribed. Section 190. Primary elections are open to voters representing a particular party or principle whose highest candidate at any election within two years next preceding polled more than one per cent. and less than ten per cent. of the ent re vote cast in the state, county or other division or district for which the nomination is made. Section 49. The Union Political Party, being new, could not come within that class, and, moreover, the time for holding a primary election had passed when the party was organized. Second, a convention may be held by an organization of voters coming within the description just given, section 49, and, of course, this new party could not, for the same reason, avail itself of that method. Third, under section 51, nominations could be made by certificates of nomination, signed by voters in specified numbers according to the extent of territory in which the vote for each office is taken, accompanied by affidavits to the qualifications of

the signers, and filed with the designated state official. This method would have been available to the members of the new party, and it would have been the only method provided for them by the law. As it was not followed, the nominations could not be acted on by the Secretary of State under any authority vested in him.

The petitioner argues that, by the denial to the party members of the right to vote for their candidates, pursuant to the proceedings which were adopted, he and the other members have been denied rights secured to them under the provision of the Fourteenth Amendment of the Constitution of the United States, that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, or deprive any person of life, liberty, or property without due process of law. As already explained, they have not been denied a means of nominating and voting for their candidates. The complaint is rather that they have not been given recognition as a party. It has been decided many times that a state may confine a particular method of nomination to parties having a specified strength at a preceding election. *Cooley, Constitutional Limitations* (8th Ed.) 1358, etc.; note, 12 *Ann. Cas.* 73; *State v. Phelps,* 144 Wis. 1, 128 N. W. 1041; *State v. Poston,* 58 Ohio St. 620, 51 N. E. 150; *De Walt v. Bartley,* 146 Pa. 529, 24 A. 185; *Miner v. Olin,* 159 Mass. 487, 34 N. E. 721. And see *Minor v. Happersett,* 21 Wall. 162, 22 L. Ed. 627.

The appeal was heard on the day it reached this court, October 16th, 1936, and the election was to be held on the eighteenth day following, November 3rd. By section 56 of the statute, the Secretary of State would have been required to make the certification sought "not less than eighteen days before" the election, and this had become impossible, as eighteen clear days are required. *Graham v. Wellington,* 121 Md. 656, 660, 89 A. 232; *Walsh v. Boyle,* 30 Md. 262, 267; *Owens v. Graetzel,* 146 Md. 361, 126 A. 224. Therefore if a writ of mandamus could have been made to reach the Secretary of State on the

very day of the hearing on appeal, it would have been too late under the law. The relief could not be granted; the question raised had become a moot one. Under the circumstances, the appeal should be disposed of by dismissal rather than by affirmance of the order appealed from. *Thom v. Cook,* 113 Md. 85, 87, 77 A. 120; *Dorsey v. Ennis,* 167 Md. 444, 445, 447, 175 A. 192; *Public Service Commn. v. Telephone Co.,* 147 Md. 279, 128 A. 39.

*Appeal dismissed.*