EBERTS *v.* CONGRESSIONAL COUNTRY CLUB, INC., ET AL.

[No. 120, October Term, 1950.]

462 

 

 

*Decided March 21, 1951.*

The cause was argued before MARBURY, C. J., and
DELAPLAINE, COLLINS, GRASON, HENDERSON and MAR-
KELL, JJ.

*Bernard L. Eberts* in proper person.

The Court declined to hear argument for the appellees.

*T. Howard Duckett, Nicholas Orem, Jr.,* and *Duckett,*

*Gill & Anderson,* on the brief for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court
for Montgomery County sustaining a demurrer to the
appellant's amended bill of complaint. The bill asked
for a declaratory decree holding that two resolutions of
the Board of Governors of the Congressional Country
Club suspending the appellant as a resident member of
said club for a period of six months from May 21, 1950,
be declared null and void, that the status of a resident
member of said club for the six months period from
May 21, 1950 to November 21, 1950, be declared in favor
of the appellant, that he and his family be declared to
have the rights granted to resident members of the club,
and that the defendants be enjoined from interfering
with such use of the club by the appellant or the members
of his family, and for such further relief as the appel-
lant's case might require.

The decree of the lower court was filed October 12,
1950, and the order for appeal was filed on October 17,
1950. The record reached this court on December 18,
1950, and the case was heard on March 13, 1951. When,
therefore, the case came here, the appellant's suspension
had been terminated by lapse of time, and he and his
family were then fully entitled to all their rights to the
use of the club as fully as if the suspension had never
occurred. Under such circumstances, there is nothing
that this court can do. If we assume that the appellant
is entirely right in his contentions and that he should

not have been suspended, and that the action of the appellees was illegal and void, we can do nothing to remedy the situation in which the appellant was placed from May until November, 1950, because that situation had ended before the case even reached this court. We cannot lift a suspension that no longer exists.

We have had a number of analogous situations in this court. We have held that we could not consider an action to enjoin the revocation of a license where such a license would have expired by operation of law before the case could be heard here. *Syfer v. Spence*, 103 Md. 66, 63 A. 256. We have had cases in which we have declined to determine whether candidates' names should, or should not, have been printed on ballots when such questions were heard here after the election dates. *Duvall v. Swann*, 94 Md. 608, 51 A. 617; *Thom v. Cook*, 113 Md. 85, 77 A. 120; *Dorsey v. Ennis*, 167 Md. 444, 175 A. 192. The same rule was applied where the time before the hearing of the appeal and the election was so short that the election officials could not certify a nomination within the statutory period. *Iverson v. Jones*, 171 Md. 649, 187 A. 863. Similar decisions as to elections have been made in the Supreme Court of the United States. *Jones v. Montague*, 194 U. S. 147, 24 S. Ct. 611, 48 L. Ed. 913. *Shub v. Simpson*, 340 U. S. 881, 71 S. Ct. 198. This court has also held that appeals from interim orders of the Public Service Commission will not be considered after a final order has taken the place of the order appealed from, or the last mentioned order has been rescinded. *Public Service Commission v. Chesapeake & Potomac Telephone Co.*, 147 Md. 279, 128 A. 39; *Cassel v. Chesapeake & Potomac Telephone Co.*, 147 Md. 281, 128 A. 40; *Munder v. Purcell*, 188 Md. 115, 52 A. 2d 923. We have also declined to pass upon an order preventing the sale of property on a certain date, when the property was later sold under another order which was not appealed from. *Smith v. Warrenfeltz*, 116 Md. 116, 81 A. 275. The reason for these, and other similar decisions, is that our courts are established for the purpose of

settling actual existing disputes, and we have no authority to give advisory opinions on the law where no such dispute exists. *State v. Haas,* 188 Md. 63, 66, 51 A. 2d 647.

The appellant suggests that suspension from a social club, such as the Congressional Country Club is, carries with it a certain stigma because such suspensions are usually made only for serious offenses. He therefore urges that we should consider the case and clear him of any such stigma. We are unable to adopt this view. In the case of *Baldwin v. Chesapeake & Potomac Telephone Co.,* 156 Md. 552, 144 A. 703, the complainant sought to restrain the distribution of a telephone directory because there had been inserted in it, contrary to his instructions, the name of a firm with which he formerly had been connected. At the time of the hearing, a new directory had been issued in which the mistake had been corrected, but the complainant suggested there was no assurance that another similar wrong might not be perpetrated, and that he was entitled to damages. This court denied these two contentions, saying that there was no reasonable ground to anticipate the first, and that as to the second, an adequate remedy at law existed.

The appellant also suggests that since the enlargement of the statute providing for declaratory judgments and decrees, the court can give an advisory opinion in this case under that statute which is Article 31A, Sec. 6. We recognize an enlargement, (*Ryan v. Herbert,* 186 Md. 453, 47 A. 2d 360; *Commissioner of Cambridge v. Eastern Shore Public Service Co.* 192 Md. 333, 64 A. 2d 151), but not to the extent suggested by the appellant. See *Staley v. Safe Deposit & Trust Co.,* 189 Md. 447, 56 A. 2d 144. The statute allows a declaratory decree where there is either an actual existing controversy, or antagonistic claims which indicate inevitable litigation, or when a party asserts a legal status or right and there is a denial by an adversary party, and the court is satisfied that such a decree will serve to terminate the controversy. None of these situations exists in the instant

case. There is no present controversy, there is no present claim of right which indicates imminent and inevitable litigation, there is no challenged or denied legal status, the uncertainty of which a declaratory decree will terminate. All of the present disagreements between the parties have been terminated by the end of the suspension of appellant. We cannot anticipate that he will be suspended again, and there is no justiciable question now before us. Under these circumstances, the statute providing for declaratory decrees has no present application.

The appeal will be dismissed.

*Appeal dismissed with costs.*