LAKE FALLS ASSOCIATION ET AL. *v.* BOARD OF ZONING APPEALS OF BALTIMORE COUNTY ET AL.

[No. 146, October Term, 1955.]

562

*Decided April 10, 1956.*

The cause was argued before DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ, and TUCKER, J., specially assigned.

*Rignal W. Baldwin* and *C. Gordon Haines* for appellants.

*W. Lee Harrison,* with whom was *Richard C. Murray,* on the brief, for appellees.

TUCKER, J., specially assigned, delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Baltimore County which affirmed an order of the Zoning Board of Appeals of that county (Zoning Board) whereby the zoning classification of a lot of ground located at the northeast corner of Falls Road and Lake Avenue in the Ninth Election District of the county was changed from "A" Residential to "E" Commercial.

Following the order of the Zoning Board, the appellants, Lake Falls Association and others who were opposed to the rezoning, applied to the Circuit Court for Baltimore County for a writ of certiorari directed to the said Board for the purpose of having its decision reviewed by the court. Thereupon, such a writ was issued, and upon petition of Aurora Federal Savings and Loan Association, which was owner of the property and proponent of the rezoning, it was permitted to intervene and file an

answer in the proceeding. After a hearing in the matter, the court decided that the original zoning of the property was erroneous and it passed its order, dated September 16, 1955, affirming the action of the Zoning Board in its aforesaid reclassification. The appeal to this Court from that order was entered October 14, 1955.

On March 30, 1955, the County Commissioners of Baltimore County passed an order whereby the Zoning Regulations and Restrictions in effect as of that date were repealed and in place thereof new regulations for the county were adopted. However, it was not until November 8, 1955, which was subsequent to the appeal to this Court, that the County Commissioners approved and adopted a new Land Use Map for the Ninth Election District. Thereon, the property involved in this case was zoned as "Business Local". It was agreed by counsel at the argument before this Court that the uses that are permitted under "Business Local" are not the same as were permitted under "E" Commercial, and that the commercial uses under the former are more restricted than they were under the latter.

The appellees have filed their motion to dismiss this appeal on the ground that the adoption of the new Land Use Map has caused the issues involved in the appeal to become moot.

A similar situation existed in the case of *Banner v. Home Sales Company D,* 201 Md. 425. There, the County Commissioners of Anne Arundel County had rezoned a parcel of land from "Cottage Residential" to "Group Housing", and opponents of that action filed a bill of complaint in the Circuit Court for Anne Arundel County praying that the rezoning be declared unconstitutional, invalid and void. The Circuit Court held that the rezoning was valid and entered its decree dismissing the bill of complaint. There was an appeal from that decree, and while it was pending in this Court the property was classified again by the zoning authorities as "Cottage Residential". Thereupon, the appellees filed a motion to dismiss the appeal on the ground that the matter had

become moot. This Court, speaking through Judge Collins, said:

"At the argument of this case in this Court it was admitted by all the parties that since the decree here appealed from was signed by the chancellor, the property here in dispute has been rezoned "Cottage Residential" by the zoning authorities. The case before us has therefore become *moot*. The zoning of the property here in question on December 2, 1947, as "Group Housing" has now been changed to "Cottage Residential". The zoning contested in the case before this Court has been superseded by the zoning authorities. As was said by Chief Judge Bond in the case of *Public Service Commission v. Chesapeake and Potomac Telephone Company*, 147 Md. 279, 281, 128 A. 39, the general rule is 'that the court should confine itself to the particular relief sought in the case before it, and refrain from deciding abstract, moot questions of law, which may remain after that relief has ceased to be possible'."

In the *Banner* case the ultimate change in zoning of the property satisfied the purposes of the appellants, whereas, in the present case, it is assumed that the new Land Use Map does not satisfy the appellants. But, in both cases, the cause of action, i.e., the zoning classification that was the subject of litigation was extinguished by repeal. The basic reason for deciding that the matter was moot in the *Banner* case was: "The zoning contested in the case before this Court has been superseded by the zoning authorities." For the same reason, we hold that the controversy in the pending case is moot.

The appellants contend that this Court should decide the case because it involves questions of general public interest which may be raised again in the near future. The fallacy of that contention lies in the fact that the questions relate to a particular lot of ground and that answers thereto would not have abstract application.

Moreover, the subject of the questions, namely, the zoning classification of the property as "E" Commercial has become extinct, and there is no reason to anticipate its revival. *Lloyd v. Supervisors of Election,* 206 Md. 36; *Price v. Cohen,* 206 Md. 45.

Appellants say that they should be allowed to challenge in this Court the validity of the new Land Use Map insofar as the classification of this property is concerned. Such a course of action, however, would be circumventing the procedure provided by statute in such matters, and would amount to more than the raising of new issues of law in this Court. There would be new issues of fact, because the evidence in opposition to or support of the new classification of "Business Local" may be substantially different from that in relation to the classification of "E" Commercial. In short, it would amount to an original trial of a case in this Court.

Another ground upon which the appellants resist the motion to dismiss is that such disposition may render the judgment of the lower court *res judicata* or result in "collateral estoppel" in case the appellants challenge the validity of the classification of the property on the new Land Use Map in an appropriate proceeding.

This Court, speaking through Judge Delaplaine, in the case of *Ugast v. La Fontaine,* 189 Md. 227, at 230, explained the doctrine of *res judicata,* as follows:

> "The doctrine of *res judicata* is that an existing final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of the rights of the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction as to the matters in issue in the first suit. *Christopher v. Sisk,* 133 Md. 48, 51, 104 A. 355, 356. The doctrine rests on the ground that the party to be affected, or some other person with whom he is in privity, has litigated the same matter in a former action, and he should not be permitted to vex his op-

ponent by litigating it again, *even though the causes of action may be different."* (Emphasis supplied.)

Professor Scott and his associate reporter for the American Law Institute applied the term "collateral estoppel" to the situation where the cause of action in the original suit in which judgment was entered was different from the cause of action in the second suit, but some of the issues in the latter were decided in the former. *Scott on Collateral Estoppel by Judgment* (1942), 56 Harvard Law Review, 1. Ordinarily, that situation is considered to be covered by the general principles of *res judicata.* See *Ugast v. La Fontaine, supra; Sterling v. Local, 438, etc.,* 207 Md. 132.

Regardless of terminology, however, there is sound authority for the fair and reasonable proposition that where an appeal is dismissed by an appellate court on the ground that the controversy has become moot, the order or judgment from which the appeal was taken will not be binding against the appellant in a subsequent action between the parties based upon a different cause of action. *Restatement of the Law of Judgments,* sec. 69 (2) and Comment (d) thereunder; *Gelpi vs. Tugwell* (C. C. A. 1st Cir.), 123 F. 2d 377.

In order to avoid any question as to a surviving effect of the judgment of the lower court, the appellants urge that if this Court dismisses the appeal, it should also reverse the judgment of the court below and remand the case to that court with a direction to dismiss the proceedings therein. They cite the case of *U. S. v. Munsingwear, Inc.,* 340 U. S. 36, 71 S. Ct. 104, wherein the Supreme Court referred to its practice of reversing or vacating the judgment below and remanding the case with directions to dismiss where the matter has become moot while pending on appeal.

It has not been the practice of this Court to remand a case to a lower court when an appeal has been dismissed on the ground that the controversy has become moot; and we believe it is unnecessary to do so in this case. How-

ever, we shall dismiss this appeal without prejudice to the future litigation of any question which was decided by the Circuit Court for Baltimore County in the case; and we shall instruct the Clerk of this Court to send to the Circuit Court a copy of this opinion so that it may become a part of the record therein.

Finally, the appellants say that if the motion to dismiss the appeal is granted, the Court should order the costs to be paid by the appellees. But, the statute provides, as follows:

> "An appeal may be taken to the Court of Appeals of Maryland from any decision of the Circuit Court for Baltimore County reviewing a decision of the Board of Zoning Appeals. In such cases the Court of Appeals shall not award costs of the appeal against any party to the appeal except the appellant."

Code of Public Local Laws for Baltimore County (1953 Supp.) Sec. 366 (g).

*Appeal dismissed, without prejudice, with costs to Appellees.*