BANNER ET AL. *v.* HOME SALES COMPANY D ET AL.

[No. 70, October Term, 1952.]

*Decided February 5, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*George Sachse,* with whom was *Emanuel Klawans* on the brief, for the appellants.

*Hyman Ginsberg,* with whom were *Symone S. Spector, James W. Blackhurst* and *Ginsberg & Ginsberg* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a decree dismissing appellants' bill of complaint.

On March 18, 1952, appellants filed a bill of complaint against the appellees alleging, for the purposes of this case, the folowing. Five acres of land owned by the appellees had, before November 27, 1947, been tentatively zoned on the zoning map by the Board of County Commissioners of Anne Arundel County (the Board) as "Cottage Residential". Mr. Charles H. Doing, one of the appellees, appeared at a meeting of the Board on November 27, 1947, and requested that the proposed zoning of his five acres of land be changed from "Cottage Residential", so there could be constructed thereon certain semi-detached and group houses. He further requested that no zoning regulations be permitted to interfere with his project, due to the vast sum of money he had already invested therein. Due to this request the

Zoning Commission was then instructed by the Board to consider the requested changes and to re-present such zoning map at the next meeting of the Board. A meeting was later held by the Board on December 2, 1947, when the zoning of appellees' property was changed to "Group Housing", without notice or advertisement to the public. On December 19, 1951, appellees applied for building permits to build 73 dwellings on their land. Nothing was shown to indicate that these applications were for group houses and permits were issued. On December 28, 1951, Home Sales Company, one of the appellees, was advised by the Zoning Commissioner that no construction was to be started until the plans and specifications had been resubmitted and corrected. Even though the plans have not been approved by either the Board or the Zoning Commissioner, and even though the land has been improperly zoned, the appellees have persisted and are now building foundations for 73 group houses. If the 73 group houses are built they will depreciate the value of appellants' property and be detrimental to the health, safety and general welfare of the community. On March 6, 1952, prior to the beginning of the construction of said houses by the appellees, the appellants and others filed with the Zoning Commissioner a petition to change the zoning of the aforesaid property from "Group Housing" to "Cottage Residential" and said petition is to be acted upon by the proper officials according to law. The change in zoning from proposed "Cottage Residential" to "Group Housing" was arbitrary, unreasonable, discriminatory, and constitutes spot zoning without any substantial relation to the public health, safety or general welfare, and without notice to the public generally or to the appellants. The bill of complaint further alleged that the appellees "have proceeded to construct said group houses, and unless this Honorable Court intervenes, Your Complainants will be deprived of the protection of the zoning and building laws and requirements to which protection they are legally entitled under the law, and further, Your Complainants

have no adequate remedy at law." The bill prayed that the zoning of December 2, 1947, be declared unconstitutional, invalid, and void; that the appellees be enjoined from construction on said property until the said Zoning Commissioner and the Board have heard and passed on the application for rezoning of the said land, and until valid building permits have been obtained; and that the appellees be enjoined from using or permitting said property to be used for group housing purposes.

After combined demurrer and answers were filed, stipulations were submitted and a hearing held in open court before the chancellor. An opinion was filed by the chancellor in which he held that the zoning of the defendants', appellees', property was valid and "the question of whether or not the defendants have a 'vested rights' because of the work they have done, is not properly before me." We are informed that no further work has been done on the disputed property since the bill of complaint herein was filed. From a decree dismissing the bill of complaint, appellants appear here.

At the argument of this case in this Court it was admitted by all the parties that since the decree here appealed from was signed by the chancellor, the property here in dispute has been rezoned "Cottage Residential" by the zoning authorities. The case before us has therefore become *moot*. The zoning of the property here in question on December 2, 1947, as "Group Housing" has now been changed to "Cottage Residential". The zoning contested in the case before this Court has been superseded by the zoning authorities. As was said by Chief Judge Bond in the case of *Public Service Commission v. Chesapeake & Potomac Telephone Company*, 147 Md. 279, 281, 128 A. 39, the general rule is "that the court should confine itself to the particular relief sought in the case before it, and refrain from deciding abstract, moot questions of law, which may remain after that relief has ceased to be possible. Upon consideration of this and of all the circumstances of the case, we have concluded that the proper course for the Court is to

dismiss the appeal." See also *Montgomery County v. Maryland-Washington Metropolitan Dist. et al.* 200 Md. 525, 92 A. 2d 350; *Velasco v. Protestant Episcopal Church*, 200 Md. 634, 641, 92 A. 2d 373, 376. The appeal will be dismissed.

*Appeal dismissed, with costs.*