MAYOR AND COUNCIL OF ROCKVILLE *v.* DUSTIN
FOR ROCKLAND PARTNERS

[No. 3, September Term, 1975.]

*Decided October 27, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Paul T. Glasgow, Assistant City Attorney,* and *Roger W. Titus, City Attorney,* for appellant.

*Joseph A. Lynott, Jr.,* and *David E. Betts,* with whom were *Lynott & Craven, P.A.* and *Betts, Clogg & Murdock* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The Mayor and Council of Rockville (the City) granted an application filed by its Planning Commission to rezone

appellee's property from Light Industrial (I-2) to One Family Detached Residential (R-75). The City's rezoning action was affirmed on appeal to the Circuit Court for Montgomery County. The Court of Special Appeals reversed that judgment, finding that there was insufficient evidence to demonstrate that there was error or mistake in the original zoning of the property, and that there was no legally sufficient evidence of substantial change in the character of the neighborhood. *Dustin v. Rockville*, 23 Md. App. 389, 328 A. 2d 748 (1974). The mandate of the Court of Special Appeals had not issued when, on December 16, 1974, the City adopted a comprehensive Planning and Zoning Ordinance effective January 1, 1975, which placed the appellee's property in a R-60 zone. The City filed a timely motion to dismiss the appeal on the ground that it had become moot. The Court of Special Appeals denied the motion to dismiss and issued its mandate on December 31, 1974, with directions that the case be remanded to the circuit court for the passage of an order conforming with the views expressed in the opinion. We granted certiorari to consider whether, in the circumstances, the Court of Special Appeals erred in failing to dismiss the appeal on mootness grounds.

An appeal in a zoning case should be dismissed as moot where, as here, the zoning application has been superseded by a subsequent comprehensive rezoning act of the zoning authorities. *See Lake Falls Association v. Board of Zoning Appeals*, 209 Md. 561, 121 A. 2d 809 (1956); *Banner v. Home Sales Co. D*, 201 Md. 425, 94 A. 2d 264 (1953). *See also* Maryland Rule 835 a 6; *Md. Tobacco Grow. v. Md. Tob. Auth.*, 267 Md. 20, 296 A. 2d 578 (1972).

> *Judgment of the Court of Special Appeals vacated; case remanded to that Court with directions that it remand the case to the Circuit Court for Montgomery County, with directions to that Court to pass an order vacating and nullifying as moot the city's rezoning of the subject property from I-2 to R-75.*