CHESAPEAKE PARK, INC. *v.* AUSTIN A. DONLEVE
ET AL.

[No. 1130, September Term, 1977.]

*Decided July 13, 1978.*

The cause was argued before GILBERT, C. J., and DAVIDSON and LOWE, JJ.

*Joseph P. Alcarese,* with whom was *Robert J. Romadka* on the brief, for appellant.

*Anne Kay Kramer* for appellees.

DAVIDSON, J., delivered the opinion of the Court.

On 13 October 1972, the appellant, Chesapeake Park, Inc. (owner), filed a petition to reclassify approximately 18.5 acres (subject property) of its 200 acres of land from the M.H. Zone (Manufacturing, heavy), I.M. District (Industrial, major), to the B.M. Zone (Business, major), I.M. District (Industrial, major). On 22 August 1973, the Baltimore County Zoning Commissioner granted the reclassification. On 20 May 1974, the Baltimore County Board of Appeals (Board) affirmed. On 14 June 1974, the appellees, Austin A. Donleve and others (protestants), filed an appeal in the Circuit Court for Baltimore County. On 8 October 1974, the owner moved to dismiss on the ground that the protestants lacked standing because they were not aggrieved parties. On 15 April 1975, the Circuit Court entered an order dismissing the appeal. The protestants appealed to this Court, which on 9 December 1975 reversed and remanded the appeal to the Circuit Court. On

5 May 1976, the Court of Appeals denied the owner's petition for a writ of certiorari.

While the appeal was pending in the Circuit Court, the Baltimore County Council (Council), pursuant to the Baltimore County Code,[1] enacted a Comprehensive Zoning Map for the 5th Councilmanic District of Baltimore County, effective 29 November 1976, which, among other things, classified all of the owner's 200 acres, including the subject property, in the M.H. Zone, I.M. District. On 21 January 1977, the protestants filed a motion to dismiss the appeal then pending in the Circuit Court on the ground that, as a result of the enactment of the 1976 Comprehensive Zoning Map, the appeal was moot. On 21 September 1977, the motion to dismiss was granted. This appeal followed.

I

The owner first contends that the Circuit Court erred in dismissing the appeal because the question of whether the subject property was properly reclassified to the B.M. Zone is not moot. It maintains that an appeal from a zoning reclassification becomes moot only if the Council changes the zoning classification of the subject property in a comprehensive rezoning or abolishes the requested zoning classification while the appeal is pending. It points out that the subject property was classified in the M.H. Zone by both the 1971 and 1976 Comprehensive Zoning Maps. It concludes that because the zoning classification of the subject property was not changed by the enactment of the 1976 map, this appeal is not moot. We do not agree.

Baltimore County Code, § 22-22 (a)[2] provides in pertinent part:

> "(a) The zoning commissioner shall have the power to make a change as to the district, division or zone within which a particular piece of property is classified (zoning reclassification) . . . ."

---

1. Baltimore County Code, §§ 22-20 through 22-21.1 (1975 Cum. Supp.) require the Council to adopt a county-wide zoning map every four years and establish the procedures to be followed.

2. Baltimore County Code, § 22-22 (a) (1975 Cum. Supp.).

Section 22-27 [3] provides in pertinent part:

> "Any reclassification when granted by the county board of appeals shall, in the absence of an appeal therefrom, have the force and effect of law."

The Baltimore County Charter § 602 (a) [4] provides in pertinent part:

> "In all cases, the order of the county board of appeals shall be final unless an appeal be taken therefrom. . . ."

In addition, Maryland Rule B6 a provides in pertinent part:

> "The filing of an appeal shall not act as a stay of the action appealed from. . . ."

In *Swarthmore Co. v. Kaestner,* [5] the Court of Appeals held that a zoning reclassification granted by the Board has the force and effect of law, although it is subject to review on appeal. In reaching that result, that Court construed the language of the Code and the Charter to mean

> "that the status of the board's action which has the force and effect of law is subject to the ultimate action of the courts on appeal, not that during the period of the appeal, the board's action is suspended and ineffective." [6]

Here, on 20 May 1974, the Board reclassified the subject property from the M.H. Zone to the B.M. Zone. Thus, from the time of the Board's action, the subject property was classified in the B.M. Zone. The enactment of the comprehensive rezoning, effective 29 November 1976, which classified the subject property in the M.H. Zone, changed the subject property's classification while an appeal was pending. Accordingly, that appeal is moot. [7]

---

3. Baltimore County Code, § 22-27 (1968).
4. Baltimore County Code, Charter, § 602 (a) (1968).
5. 258 Md. 517, 266 A. 2d 341 (1970).
6. 258 Md. at 525, 266 A. 2d at 345.
7. Mayor of Rockville v. Dustin, 276 Md. 232, 233, 346 A. 2d 447, 447-48 (1975); Banner v. Home Sales Company D, 201 Md. 425, 428-29, 94 A. 2d 264, 265-66 (1953).

## II

The owner additionally contends that dismissal of this appeal as moot deprives him of due process [8] and equal protection.[9] It maintains that because in Baltimore County the Council enacts a comprehensive rezoning every four years, and because there are significant time constraints on the processing of reclassification petitions,[10] appellate review of the Board's grant or denial of such petitions cannot be completed. It concludes therefore that in Baltimore County appellate review of reclassification petitions is effectively denied. Again we do not agree.

The Court of Appeals has recognized that there can be circumstances which justify deciding moot questions. In *Lloyd v. Board of Supervisors of Elections,*[11] that Court, in dictum, said:

> "Those which we regard as the better considered and reasoned cases take the view that only where the urgency of establishing a rule of future conduct in matters of important public concern is imperative and manifest, will there be justified a departure from the general rule and practice of not deciding academic questions. They hold that if the public interest clearly will be hurt if the question is not immediately decided, if the matter involved is likely to recur frequently, and its recurrence will involve a relationship between government and its citizens, or a duty of government, *and upon any recurrence, the same difficulty which prevented the appeal at hand from being heard in time is likely again to*

---

8. U.S. Const., amend. XIV § 1; Md. Const., Declaration of Rights, art. 23.
9. U.S. Const., amend. XIV § 1.
10. *See, e.g.,* Baltimore County Code, § 22-22 (c)-(j) (1975 Cum. Supp.). Section 22-22 (c), which provides for semiannually recurring periods during which contemporaneous zoning reclassification petitions ordinarily may be considered, establishes a procedure that may delay processing of such a petition for as much as six months after filing. Section 22-22 (j) provides that no zoning reclassification shall be granted on the basis of a change in the character of the neighborhood during the first year after a comprehensive rezoning.
11. 206 Md. 36, 43, 111 A. 2d 379, 382 (1954).

*prevent a decision,* then the Court may find justification for deciding the issues raised by a question which has become moot, particularly if all these factors concur with sufficient weight." (Emphasis added.)

In some cases, the Court of Appeals has declined to decide moot questions when the disputed right existed for a period of time deemed sufficient to complete appellate review.[12] In other cases, that Court has decided moot questions when the disputed right existed for a period of time deemed insufficient to complete appellate review.[13]

Here, there can be no question but that, in Baltimore County, a disputed right involving a reclassification petition exists for a period of time sufficient to complete appellate review. Indeed, in the instant case, the petition for reclassification was granted by the Board on 21 May 1974. The Court of Appeals denied certiorari on 5 May 1976. The comprehensive rezoning became effective 29 November 1976. In this case, a peculiar combination of circumstances prevented the completion of appellate review on the merits. Among other things, 10 months elapsed from the time the protestants filed the appeal before the Circuit Court granted the owner's motion to dismiss because the protestants lacked standing. In addition, there was an unexplained delay of 16 months between the time the Court of Appeals denied certiorari and the Circuit Court dismissed the appeal as moot. It is unlikely that a set of circumstances similar to those difficulties which prevented the completion of appellate review on the merits in this case would, in the future, coalesce to prevent completion of appellate review of other Board decisions on reclassification petitions. Accordingly, we decline to decide this moot question.

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

12. *E.g.,* Bishop v. Governor, 281 Md. 521, 525-26, 380 A. 2d 220, 223 (1977) (18 months); Lloyd v. Board of Supervisors of Elections, 206 Md. at 44, 111 A. 2d at 382 (5 months).

13. *E.g.,* Sheehy v. Thomas, 155 Md. 688, 693, 142 A. 506, 507 (1928) (water fowl hunting season); Close v. Southern Md. Agr. Assoc., 134 Md. 629, 632, 108 A. 209, 210-11 (1919) (2 months).