529 So.2d 794 (1988)
R & S PARTNERSHIP d/b/a Red Sunset Building, Appellant,
v.
MARTIN SCHAFFEL ENTERPRISES, INC., and St. Paul Fire & Marine Insurance Company, Appellees.
Nos. 87-1259, 87-1284, 87-1872 and 87-1873.
District Court of Appeal of Florida, Third District.
August 9, 1988.
Jack E. Thompson, Miami, for appellant.
Kubicki, Bradley, Draper, Gallagher & McGrane and Robert B. Brown, III, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL[*] and BASKIN, JJ.
BASKIN, Judge.
Appellant R & S Partnership d/b/a Red Sunset Building [R & S] seeks reversal of final summary judgments entered in favor of appellee Martin Schaffel Enterprises, Inc., [Schaffel] in four actions for indemnity or contribution for settlements paid by R & S. We reverse.
R & S owned a commercial building which sustained damage as a result of a defective roof repair. Several tenants filed actions to recover damages against R & S and Courtesy Roofing Company.[1] In each of these actions, R & S filed a third-party complaint to obtain indemnity or contribution from Schaffel, a construction company. In addition to these actions, Designers Tile International Corporation, a tenant, filed *795 an action against R & S, Courtesy Roofing Company, and Schaffel. R & S filed a cross-claim against Schaffel for indemnity or contribution; the matter proceeded to trial. The jury found that R & S and Courtesy Roofing were negligent and that Schaffel was not a general contractor for the roof repair. Based on the judgment, Schaffel filed motions for summary judgment in the remaining third-party actions.[2] Granting Schaffel's motions, each trial court ruled that the Designers Tile judgment collaterally estopped relitigation of Schaffel's liability. The courts also ruled that if the appellate court reversed the judgment in favor of Schaffel, R & S could file motions for relief from the summary judgments. Fla.R.Civ.P. 1.540(b)(5). When the Designers Tile judgment was appealed, this court did not review the trial court's judgment in favor of Schaffel because our resolution of other issues rendered R & S's appeal moot. Designers Tile Int'l Corp. v. Capitol C Corp., 499 So.2d 4 (Fla. 3d DCA 1986), review denied, 508 So.2d 13 (Fla. 1987). Subsequently, the trial courts entered final summary judgments in favor of Schaffel in each action. R & S appealed.
"Collateral estoppel may be applied only where the parties and issues are identical and where a particular matter has been fully litigated and determined in a prior litigation which has resulted in a final decision in a court of competent jurisdiction." Prudential Ins. Co. v. Turkal, 528 So.2d 487 (Fla. 3d DCA 1988); Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977); Nationwide Mut. Fire Ins. Co. v. Race, 508 So.2d 1276 (Fla. 3d DCA 1987); Husky Indus., Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982); Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88 (Fla. 1st DCA 1981); see Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984).
Because this court's decision in Designers Tile[3] precluded appellate review of the trial court's judgment on R & S's cross-claim against Schaffel, that judgment does not collaterally estop R & S from litigating Schaffel's liability. Restatement (Second) of Judgments § 28(1) (1982). See Edwards v. Boeing Vertol Co., 750 F.2d 13 (3d Cir.1984); Allegheny County v. Maryland Casualty Co., 146 F.2d 633 (3d Cir.1944); Reilly v. School Comm. of Boston, 362 Mass. 689, 290 N.E.2d 516 (1972); Lynch v. Town of Groton, 11 Mass. App. Ct. 1008, 418 N.E.2d 1281 (1981); see also Lewis v. Thomas, 489 F.2d 700 (3d Cir.1973); Gelpi v. Tugwell, 123 F.2d 377 (1st Cir.1941); Lake Falls Ass'n v. Board of Zoning Appeals, 209 Md. 561, 121 A.2d 809 (1956); Restatement (Second) of Judgments § 13 comment g (1982); Restatement of Judgments § 69(2) (1942). See generally Standefer v. United States, 447 U.S. 10, 23 n. 18, 100 S.Ct. 1999, 2007 n. 18, 64 L.Ed.2d 689, 700 n. 18 (1980) ("The estoppel doctrine ... is premised upon an underlying confidence that the result achieved in the initial litigation was substantially correct. In the absence of appellate review, or of similar procedures, such confidence is often unwarranted.") (dicta); Annotation, Judgment as Res Judicata in a Subsequent Action Upon a Different Cause of Action, as Affected by Inability of Party Without His Fault to Obtain Review of Former Judgment, 157 A.L.R. 1038 (1945). Genuine issues of material fact remain unresolved; we remand for further proceedings.
Reversed and remanded.
NOTES
[*] Did not participate in oral argument.
[1] Chubb/Pacific Indem. Group a/s/o Khachab, Raymond D.D.S. v. R & S Partnership, d/b/a Red Sunset Building v. Martin Schaffel Enterprises, Inc. and St. Paul Fire & Marine Ins. Co., case no. 84-11325;

U.S. Fire Ins. Co. a/s/o Marshall Majors, Inc. v. R & S Partnership, Ltd. d/b/a Red Sunset Building v. Martin Schaffel Enterprises, Inc. and St. Paul Fire & Marine Ins. Co., case no. 84-04564;
Empire of Hempstead New York v. R & S Partnership, Ltd. and Capital C Corp. v. JesCorp, Inc. d/b/a Courtesy Roofing Co., Martin Schaffel Enterprises, Inc., Ambassador Ins. Co., and St. Paul Fire & Marine Ins. Co., case no. 82-12548;
Dr. Paul Levitan and Dr. Stanley H. Eder v. R & S Partnership, Ltd. and Courtesy Roofing Co. v. Martin Schaffel Enterprises, Inc., Ambassador Ins. Co. and St. Paul Fire & Marine Ins. Co., case no. 81-21850.
[2] R & S entered into settlements on the other pending main claims.
[3] Designers Tile, 499 So.2d at 5 ("The defendant R & S's appeal on the crossclaim against defendant Martin Schaffel Enterprises, Inc., is moot because they are not liable to plaintiff Designers Tile... .").